George F. Ogilvie III (NSBN #3552)
Amanda C. Yen (NSBN #9726)
McDONALD CARANO LLP
2300 W. Sahara Ave, Suite 1200
Las Vegas, NV 89102
Telephone:  702.873.4100
Fax:  702.873.9966
gogilvie@mcdonaldcarano.com
ayen@mcdonaldcarano.com

Steven L. Procaccini (*Pro Hac Vice*)
Chris Ellis Jr. (*Pro Hac Vice*)
NISSENBAUM LAW GROUP, LLC
2400 Morris Avenue, Suite 301
Union, NJ 07083
Telephone: 908-686-8000
Fax: 908-686-8550
sp@gdnlaw.com
ce@gdnlaw.com

*Attorneys for plaintiff Todd VanDeHey*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TODD VANDEHEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>REAL SOCIAL DYNAMICS, INC., a Nevada corporation; NICHOLAS KHO, an individual; OWEN COOK, an individual,<br><br>Defendants. | CASE NO.: 2:17-cv-02230-JAD-NJK<br><br>**EMERGENCY OMNIBUS MOTION (1) FOR EXPEDITED DISCOVERY AND (2) TO AMEND THE COMPLAINT** |

Pursuant to Rules 15 and 45 of the Federal Rules of Civil Procedure and Local Rule 7-4, plaintiff Todd VanDeHey ("Plaintiff") brings this Emergency Omnibus Motion (1) for Expedited Discovery in the form of third-party subpoenas to Google Inc., Microsoft Corporation, Verizon Communications, Verizon Wireless and PayPal Holdings, Inc. or their related entities and (2) to Amend the Complaint ("Omnibus Motion"). A proposed order granting Plaintiff's Omnibus Motion is attached hereto as **Exhibit 1**.

**DECLARATION OF STEVEN L. PROCACCINI, ESQ.
IN SUPPORT OF EMERGENCY MOTION AND PURSUANT TO LOCAL RULE 7-4.**

I, STEVEN L. PROCACCINI, declare as follows:

1. I am of counsel to the Nissenbaum Law Group, LLC, co-counsel for Plaintiff in the above-captioned litigation. I am admitted *pro hac vice* to the United States District Court for the District of Nevada. Pursuant to Local Rule 7-4, this declaration is submitted in support of Plaintiff's Omnibus Motion.

2. This declaration is made of my own personal knowledge except where stated on information and belief, and as to those matters, I believe them to be true, and, if called as a witness, I would competently testify thereto.

3. <u>Nature of the Emergency</u>: The Omnibus Motion is sought to immediately issue third-party subpoenas to companies that have information relating to the identity of unknown defendants John Does 1 through 10 and ABC Companies 1 through 10 ("Unknown Defendants"), who accessed Plaintiff's personal email account and a PayPal account without authorization. When the Unknown Defendants gained unauthorized access into those two accounts they obtained access to personal and confidential information belonging to Plaintiff, including without limitation, material protected under the attorney-client privilege and attorney work product privilege. It is necessary to issue third-parties subpoenas on an emergency and expedited basis for two reasons: (a) many of the companies that have information related to the identity of the Unknown Defendants may delete the data that contains the identity of the Unknown Defendants in their regular course of business and (b) to prevent the Unknown Defendants from either using the sensitive information they have obtained or destroying evidence of their unauthorized access of Plaintiff's personal information.

4. <u>Office Addresses and Telephone Numbers</u>: The office address and telephone numbers of Plaintiff and all affected parties are as follows:

a. Plaintiff Todd VanDeHey
c/o Valentine Life, Inc.
448 West 19th Street, #PHA
New York, New York 10011
702-600-3559

      b.      Defendant Real Social Dynamics, Inc.
           1930 Village Center Circle, #3-9653
           Las Vegas, Nevada 89134
           888-546-7286

      c.      Defendant Nicholas Kho
           c/o Real Social Dynamics, Inc.
           1930 Village Center Circle, #3-9653
           Las Vegas, Nevada 89134
           888-546-7286

      d.      Defendant Owen Cook
           c/o Real Social Dynamics, Inc.
           1930 Village Center Circle, #3-9653
           Las Vegas, Nevada 89134
           888-546-7286

5.    <u>Statement Certifying Personal Consultation</u>: On September 11 and 22, 2017, our firm contacted Steven Knauss, Esq., of the law firm Maier Gutierrez & Associates, counsel for defendants Real Social Dynamics, Inc. ("RSD"), Nicholas Kho and Owen Cook (collectively, "Defendants"), and requested he advise if any person affiliated with defendant Real Social Dynamics, Inc. had obtained access to information from Plaintiff's personal email account.

6.    Defendants, by and through their counsel, indicated they had no information to draw a conclusion as to statements contained in the September 11, 2017 letter.

7.    Defendants have not responded to Plaintiff's September 22, 2017 correspondence.

8.    On September 28, 2017, my office served Defendants with the Omnibus Motion, via ECF notification and email to Mr. Knauss (sgk@mgalaw.com) and Joseph Gutierrez, Esq. (jag@mgalaw.com).

. . .

. . .

. . .

. . .

. . .

. . .

9. Accordingly, pursuant to Local Rule 7-4, I hereby certify that, after participating in attempts to meet-and-confer to resolve the dispute, Plaintiff has been unable to resolve this matter without court action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: September 28, 2017.

                                                */s/Steven L. Procaccini*
                                                Steven L. Procaccini

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **PRELIMINARY STATEMENT**

Identify and preserve.

That is the essence of Plaintiff's instant application. Plaintiff requests that the Court allow it to issue immediate third-party subpoenas to identify the Unknown Defendants that obtained unauthorized access to Plaintiff's personal Gmail email account "tvandehey@gmail.com" ("Personal Email") and PayPal account associated with the email address "todd@valentinelife.com" ("PayPal Account").

Such identifying information is currently in possession of the following third-parties: Google Inc., Microsoft Corporation, Verizon Communications, Verizon Wireless and PayPal Holdings, Inc., or their related entities. *See* Declaration of Ondrej Krehel dated September 25, 2017 (hereinafter "Krehel Declaration"); Declaration of Todd VanDeHey dated September 25, 2017 (hereinafter "VanDeHey Declaration"). Once the Unknown Defendants are identified, Plaintiff can stop any potential abuse of the sensitive and confidential information obtained by the Unknown Defendants. In addition, Plaintiff can put them on notice to preserve relevant evidence related to his claims in the proposed Amended Complaint. Plaintiff must be able to identify the Unknown Defendants in order to fully adjudicate the claims pled in the proposed Amended Complaint.

The emergency nature of this application is twofold:

. . .

- First, some of the above-referenced third-parties delete data in the normal course of business after a certain period of time has elapsed that would identify the Unknown Defendants and their actions. Krehel Declaration at ¶ 22. Clearly, Plaintiff needs to obtain the information possessed by those third-parties in an expedited matter. Otherwise, the Unknown Defendants' identifying information may be lost, precluding Plaintiff from having his day in court.

- Second, Plaintiff needs to identify the Unknown Defendants expeditiously to prevent the Unknown Defendants from either using the sensitive information they have obtained or destroying evidence of their unauthorized access to the Personal Email and PayPal Account.

Furthermore, as the Unknown Defendants' wrongdoing has recently come to light, it is appropriate to allow Plaintiff to amend the Verified Complaint filed August 22, 2017 in order to include the additional transgressions against Plaintiff.

Therefore, Plaintiff respectfully requests the Court grant the Omnibus motion (1) for expedited discovery in the form of third-party subpoenas to Google Inc., Microsoft Corporation, Verizon Communications, Verizon Wireless and PayPal Holdings, Inc. or their related entities and (2) to amend the complaint.

## STATEMENT OF FACTS

**A.  Unknown Defendants Accessed and Converted Funds from the PayPal Account.**

On or about September 4, 2017, Unknown Defendants intentionally accessed the PayPal Account without authorization. VanDeHey Declaration at ¶¶ 6-10. In order to access the PayPal Account, Unknown Defendants provided information to PayPal to cause PayPal to fraudulently believe Unknown Defendants were Plaintiff or otherwise authorized to access the PayPal Account. *Id*. at ¶¶ 10-11.

After Unknown Defendants accessed the PayPal Account, they caused a transfer of funds in the amount of $7,603.08 from the PayPal Account to a PayPal account associated with the

email address "amber@kho.biz". *Id.* at ¶ 12. This left the PayPal Account with a balance of $0. *Id.* at ¶13.

On or about September 9, 2017, the PayPal Account received a payment in the amount of $190.99. *Id.* at ¶ 15. The same day, Unknown Defendants intentionally accessed the PayPal Account without authorization. Unknown Defendants then transferred the $190.99 to the PayPal account associated with the email address "amber@kho.biz". *Id.* at ¶ 17. Again, this left the PayPal Account with a balance of $0. *Id.* at ¶ 18.

At no time did Plaintiff authorize the Unknown Defendants to access the PayPal account or authorize the transfer of funds from the PayPal Account to any other financial account. *Id.* at ¶ 19.

**B.  Unknown Defendants Illegally Accessed Plaintiff's Personal Emails.**

On or about September 10, 2017, Unknown Defendants began a process to access and obtain information from the Personal Email without authorization. Krehel Declaration at ¶ 9. The Personal Email is provided by Gmail, an email service provided by Google, Inc. *Id.* at ¶ 6.

The Personal Email contains confidential information belonging to Plaintiff, including without limitation privileged and confidential attorney-client and work product materials. VanDeHey Declaration at ¶ 26.

Between on or about September 10, 2017 and on or about September 11, 2017, Unknown Defendants forwarded at least seven (7) emails from the Personal Email to the Personal Email. Krehel Declaration at ¶ 10. Unknown Defendants then proceeded to delete those seven (7) emails from the "Trash" folder of the Personal Email. *Id.* at ¶ 11. Each of the seven (7) emails contained single attachments in the form of a PNG image file that consisted of excerpts of documents filed in the instant litigation. *Id.* at ¶ 12-13.

In addition, on or about September 11, 2017, Unknown Defendants forwarded two emails from the Personal Email to the email address "toddrsd@hotmail.com" (the "Hotmail Address"). *Id.* at ¶ 23. Hotmail is an email service provided by Microsoft Corporation. *Id.* at ¶

24.

Plaintiff does not use, nor have access to, the Hotmail Address. VanDeHey Declaration at ¶ 32.

The first email forwarded to the Hotmail Address by the Unknown Defendants had a subject of "Fwd: Madison video". Krehel Declaration at ¶ 25. That email contained a privileged and confidential communication from Plaintiff to his attorneys. VanDeHey Declaration at ¶ 34. The second email forwarded to the Hotmail Address by the Unknown Defendants had a subject of "Fwd: Owen text 8/14". Krehel Declaration at ¶ 27. That email contained screenshots of a text message conversation between Plaintiff and Defendant Cook. *Id.* at ¶ 28. Plaintiff did not forward either of the above-referenced emails to the Hotmail Address. VanDeHey Declaration at ¶ 33.

Moreover, Unknown Defendants created an archived copy of the entire Personal Email. Krehel Declaration at ¶ 27. Plaintiff did not authorize the Unknown Defendant to access the Personal Email nor take any of the above-referenced actions regarding the Personal Email. VanDeHey Declaration at ¶ 27.

    **C.**    **Unknown Defendants Reset Plaintiff's Personal Email Recovery Email and Phone Number Without Authorization.**

On or about September 11, 2017 at 2:17 PM, Plaintiff, without knowledge of the unauthorized and illegal actions of Unknown Defendants, accessed the Personal Email in order to change the recovery email address from "todd@realsocialdynamics.com" to "toddvhan@gmail.com". Krehel Declaration at ¶ 16. Plaintiff did so because the identified Defendants had previously removed his access to the "todd@realsocialdynamics.com" email address. VanDeHey Declaration at ¶ 21.

Also on or about September 11, 2017, Unknown Defendants took steps to ensure their continued unauthorized access to the Personal Email, *to wit*:

- At 5:31 PM, Unknown Defendants reset the Personal Email recovery email

- address from "toddvhan@gmail.com" to "todd@realsocialdynamics.com".

- At the same time, Unknown Defendants removed Plaintiff's recovery phone number ending 3559 from the Personal Email.

- At 5:36 PM, from a location in Las Vegas, Nevada, Unknown Defendants changed the password on the Personal Email. This prevented Plaintiff from accessing the Personal Email.

- At 5:42 PM, from a location in Las Vegas, Nevada, Unknown Defendants added the recovery phone number 702-600-8317 to the Personal Email. That phone number is serviced by Verizon Wireless.

- At 6:43 PM, from a location in Las Vegas, Nevada, Unknown Defendants removed the recovery phone number 702-600-8317 from the Personal Email.

Krehel Declaration at ¶ 17.

The IP address that the Unknown Defendants used to access the Personal Email is provided by Verizon Communications and originated in Las Vegas, Nevada. Krehel Declaration at ¶ 18.

It was only after the Personal Email recovery email was changed by Unknown Defendants back to "todd@realsocialdynamics.com" that Plaintiff learned Unknown Defendants had accessed the Personal Email. VanDeHey Declaration at ¶ 23.

Plaintiff did not change the Personal Email recovery email to "todd@realsocialdynamics.com". Likewise, Plaintiff does not have any connection to the 702-600-8317 phone number. *Id.* at ¶¶ 23-30.

## LEGAL ARGUMENT

**A.  Expedited Discovery is Necessary in This Matter to Identity the Unknown Defendants in a Timely Fashion in Order to Prevent the Spoliation of Evidence.**

Federal Rule of Civil Procedure 26(d) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except…when authorized by these rules, by stipulation, or by court order."

"Upon a showing of good cause, the court may permit expedited discovery before the

Rule 26(f) conference." *First Option Mortg. v. Tabbert*, 2012 WL 1669430, *1 (D. Nev. 2012) (*citing Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009)). "Good cause exists where the need for expedited discovery, in consideration for the administration of justice, outweighs the prejudice to the responding party." *First Option Mortg. v. Tabbert*, 2012 WL 1669430, *1 (D. Nev. 2012) (*quoting Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009)).

"The court considers the following factors when determining whether to permit such discovery: (1) whether a preliminary injunction is pending, (2) the breadth of the discovery requests, (3) the purpose for requesting the expedited discovery, (4) the burden on the defendants to comply with the requests, and (5) how far in advance of the typical discovery process the request was made." *First Option Mortg. v. Tabbert*, 2012 WL 1669430, *2 (D. Nev. 2012) (*citing Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009)).

Plaintiff seeks expedited discovery from five (5) third-parties that have information relating to the identity of the Unknown Defendants that obtained unauthorized access to the Personal Email and PayPal Account and converted funds from the PayPal account. The discovery that Plaintiff seeks is limited and narrow.

Specifically, Plaintiff seeks the following:

- From Google, Inc. – information relating to the unauthorized access of the Personal Email by Unknown Defendants, including without limitation, security logs and IP addresses.

- From Microsoft Corporation – information relating to the creation of the Hotmail email account "toodrsd@hotmail.com" to which the Unauthorized Defendants forwarded emails from the Personal Email, and the identity and address of the owner of the account.

- From Verizon Communications – information relating to the identity and address of the owner of the IP address that was used to access the Personal Email without authorization.

- From Verizon Wireless – information relating to the owner of the mobile number that

was set as the recovery number for the Personal Email.

- From PayPal Holdings, Inc. – information relating to the unauthorized access to the PayPal Account by the Unknown Defendants, including without limitation, security logs, IP addresses and the owner of the PayPal account associated with the email address amber@kho.biz.

*See* Declaration of Steven L. Procaccini, Esq. dated September 28, 2017, at ¶ 7, Exhibit B. (hereinafter "Procaccini Declaration").

Granting Plaintiff this limited and narrow expedited discovery would not prejudice the responding parties. Every responding party is a non-party to the instant action and thus would not have been included in any initial conference setting a discovery schedule under Rule 26. Therefore, there is no prejudice to the responding parties of the third-party subpoenas.

To the contrary, Plaintiff would suffer prejudice if the expedited discovery were not granted as evidence in the possession of the above third-parties and Unknown Defendants may spoliate if Plaintiff is required to wait until after a discovery plan is put in place before issuing third-party subpoenas.

In addition, the factors for determining whether expedited discovery should be granted plainly weigh in favor of granting Plaintiff's application. First, the breadth of the proposed discovery requests are limited to information that relate to identifying the Unknown Defendants. The purpose of the proposed discovery requests are to obtain the identity of the Unknown Defendants in order to name them as parties and to ensure the Unknown Defendants preserve evidence. Finally, there is no burden on any of the identified Defendants to comply with the request since the requests are not directed at them.

Certainly, discovery that presents no burden to the Defendants may be expedited in order to prevent any prejudice to the Plaintiff.

**B.     Granting Leave to Amend the Complaint is Appropriate Based on the Recent Wrongful Acts Against Plaintiff. Allowing Plaintiff to Amend the Complaint Would Cause No Prejudice to the Defendants.**

Federal Rule of Civil Procedure 15(a) provides that after twenty-one (21) days of service of a pleading, a party may amend its pleading with the Court's leave. The Court should freely

give leave when justice so requires. Indeed, under Rule 15, "leave to amend should be granted freely until the defendant files a responsive pleading." *Madeja v. Olympic Packers, LLC*, 310 F.3d 628, 636 (9th Cir. 2002). The "court considers the following five factors to assess whether to grant leave to amend: '(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint.'" *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)).

Here, the factors clearly weigh in favor of granting Plaintiff's application to amend the complaint.

First, Plaintiff's proposed Amended Complaint (a copy of which is attached hereto as **Exhibit 2**) is not in bad faith. Plaintiff simply requests he be allowed to plead additional wrongful acts that have occurred since the filing of the Verified Complaint on August 22, 2017 and a count for declaratory judgment. Specifically, since Plaintiff filed the Verified Complaint, Unknown Defendants obtained unauthorized access to Plaintiff's Personal Email and the PayPal Account. Because these wrongful acts occurred after the filing of the Verified Complaint, it was impossible for Plaintiff to include them in the Verified Complaint. Moreover, based on the findings of LIFARS, the Digital Forensic and Cybersecurity Intelligence Firm Plaintiff retained to investigate the unauthorized access to the Personal Email, the Unknown Defendants may, or may not, be related to the identified Defendants. Thus, Plaintiff's new claims could potentially relate to the Verified Complaint. In addition, since the Defendants have effectively dissolved Valentine Life, Plaintiff seeks a declaratory judgment as to the enforceability and breadth of the restrictive covenant provisions contained in his independent contractor agreement with defendant RSD—which is separate from the operating agreement regarding Valentine Life.

Second, allowing Plaintiff to amend the Verified Complaint would cause no undue delay nor prejudice to the Defendants. This matter is still in its nascent stage. The Verified Complaint was filed only a month ago. As this litigation is merely beginning, there is no threat of undue delay in the matter, especially as new facts have come to light. Moreover, since Defendants have yet to answer the Verified Complaint, they will suffer no prejudice.

Furthermore, there is no futility in Plaintiff amending the Verified Complaint as the Proposed Amended Complaint would include recently learned facts and additional causes of action based on those facts. Indeed, based on the recently learned facts, amending the Verified Complaint is necessary.

Finally, since Plaintiff has not previously amended the complaint, the final factor does not weigh against the instant application.

Clearly, the factors weigh in favor of allowing Plaintiff to amend the Verified Complaint.

## **CONCLUSION**

For the foregoing reasons, it is respectfully requested that the Court grant the relief requested herein, together with such other, further and different relief as the Court deems just, equitable and proper under the circumstances.

RESPECTFULLY SUBMITTED this 28th day of September, 2017

NISSENBAUM LAW GROUP, LLC


By: */s/Steven L. Procaccini*
Steven L. Procaccini (*Pro Hac Vice*)
Chris Ellis Jr. (*Pro Hac Vice*)
2400 Morris Avenue, Suite 301
Union, NJ 07083

McDONALD CARANO LLP
George F. Ogilvie III (NSBN 3552)
Amanda C. Yen (NSBN 9726)
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102

*Attorneys for plaintiff Todd VanDeHey*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of McDonald Carano LLP, and that on or about the 28th day of September, 2017, a true and correct copy of the foregoing **OMNIBUS MOTION (1) FOR EXPEDITED DISCOVERY AND (2) TO AMEND THE COMPLAINT** was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification.

　　　　　　　　　　　　　　　　　　　*/s/ Jelena Jovanovic*
　　　　　　　　　　　　　　　　　　　An employee of McDonald Carano LLP