# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TODD VANDEHEY,

        Plaintiff(s),

v.

REAL SOCIAL DYNAMICS, INC., et al.,

        Defendant(s).

Case No. 2:17-cv-02230-JAD-NJK

ORDER

(Docket Nos. 28, 32)

Pending before the Court are Plaintiff's motions to amend the complaint and to conduct discovery, filed on an emergency basis. Docket Nos. 28, 32. Defendants have filed a response in opposition. Docket No. 37. Plaintiff filed replies. Docket Nos. 38, 39. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motions to amend and conduct discovery are both **GRANTED**.

## I.     MOTION FOR LEAVE TO AMEND

Plaintiff seeks leave to file an amended complaint. Docket No. 32. In particular, Plaintiff seeks to file an amended complaint that includes: (1) a claim for declaratory relief regarding the enforceability of the non-competition and non-solicitation provisions of the Contractor Agreement, which is brought against Defendants Real Social Dynamics, Kho and Cook ("First Claim"); (2) a claim for unauthorized access and alteration of Plaintiff's personal email account in violation of the Stored Communications Act, which is brought against currently-unknown Doe Defendants ("Second Claim"); (3) a claim for unauthorized access to and obtaining of information from Plaintiff's personal email account in violation

of the Computer Fraud and Abuse Act, which is brought against currently-unknown Doe Defendants ("Third Claim"); (4) a claim for improperly accessing, obtaining information from, and interfering with Plaintiff's personal email account in violation of N.R.S. 205.4765, which is brought against currently-unknown Doe Defendants ("Fourth Claim"); and (5) a claim for conversion of funds from a PayPal account, which is brought against currently-unknown Doe Defendants ("Fifth Claim"). *See* Docket No. 32-2 (proposed amended complaint).

Motions for leave to amend are governed by Rule 15(a) of the Federal Rules of Civil Procedure, which provides that "[t]he court should freely give leave [to amend] when justice so requires." There is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). As such, the Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *See id.* at 1052. The party opposing the amendment bears the burden of showing why leave to amend should be denied. *See, e.g.*, *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)).

Defendants oppose the motion for leave to amend based on the overarching argument that amendment is forbidden given the existence of an arbitration provision covering "any claim or controversy arising out of or relating to [the Operating] Agreement." *See, e.g.*, Docket No. 37 at 4. The Court interprets Defendants' argument as an assertion that the proposed amendments would be futile. As to the Second Claim, Third Claim, Fourth Claim, and Fifth Claim,[1] Defendants make no attempt to explain how allegations that currently-unknown Doe Defendants accessing Plaintiff's PayPal account

---

[1] To the extent Defendants Real Social Dynamics, Kho and Cook are arguing that there is no factual basis for the allegations being made with respect to these claims, *see* Docket No. 37 at 3 (contending the allegations are frivolous), a responsive brief to a motion for leave to amend is not a proper avenue to attack the validity of factual allegations, *see, e.g.*, *Hofstetter v. Chase Home Finance, LLC*, 751 F. Supp. 2d 1116, 1123 (N.D. Cal. 2010) (courts take well-pleaded allegations as true).

2

and his personal email account are claims related to the Operating Agreement. On their face, these causes of action appear unrelated to the Operating Agreement.[2] Similarly, with respect to the First Claim, Plaintiff seeks declaratory relief as to the validity of provisions in the <u>Contractor Agreement</u>, not as to any provision of the Operating Agreement. *See* Docket No. 32-2 at ¶ 186. Defendants have failed to adequately explain why a claim regarding the validity of the Contractor Agreement is subject to an arbitration provision related to claims arising out of the Operating Agreement. Without any explanation on these fronts, the Court is unpersuaded that the amendments would be futile such that leave to amend should be denied.[3] Accordingly, the motion for leave to amend will be **GRANTED**.[4]

## II. MOTION FOR DISCOVERY

Plaintiff seeks discovery from third-parties to identify the Doe Defendants who allegedly accessed and converted funds from the PayPal account, and who allegedly accessed and interfered with Plaintiff's personal email account. Docket No. 28 at 8-10. The Ninth Circuit has held that, where the identity of defendants is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendant, unless it is clear that discovery would not uncover the identities of the defendants, or that the complaint would be dismissed on other grounds. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d

---

[2] Defendants Real Social Dynamics, Kho and Cook do not explain how they have standing to argue that claims against Doe Defendants are improperly brought in this forum.

[3] The Court need not and does not definitively rule on whether the Operating Agreement's arbitration provision applies to any of the claims in the amended complaint. "Denial of leave to amend on [futility] ground[s] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amendment until after leave to amend is granted and the amended pleading is filed." *See Branch Banking & Trust Co. v. Pebble Creek Plaza, LLC*, 2013 U.S. Dist. Lexis 73723, *3 (D. Nev. May 22, 2013) (quoting *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)). The Court herein finds only that Defendants have failed to show futility for purposes of amending the complaint, and nothing herein prevents Defendants from filing a motion to dismiss on this ground or any other ground. *See, e.g., In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008).

[4] It is within a magistrate judge's authority to grant leave to amend the complaint. *See, e.g., Morgal v. Maricopa County Bd. Of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012) (citing, *inter alia*, *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1102 n.1 (9th Cir. 1985)).

637, 642 (9th Cir. 1980)). Defendants do not provide meaningful discussion as to why this discovery should not be allowed in this case. To the extent Defendants are implying that the claims against the Doe Defendants are subject to dismissal or that the discovery sought is otherwise improper based on the existence of the cited arbitration provision, they have failed to show that the arbitration provision is triggered by the claims presented. Accordingly, the motion for discovery will be **GRANTED**.

### III. CONCLUSION

For the reasons discussed above, the Court hereby rules as follows:

- Plaintiff's motion for leave to amend is **GRANTED**. In compliance with Local Rule 15-1(b), Plaintiff shall promptly file the proposed amended complaint on the docket, and shall serve the known Defendants with the amended complaint.
- Plaintiff's motion to conduct discovery to identify the Doe Defendants is **GRANTED**. Plaintiff shall promptly seek discovery into the identities of the Doe Defendants, and shall file a motion to substitute the Doe Defendants with their actual identities within 90 days of the issuance of this order.

IT IS SO ORDERED.

DATED: October 4, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge