George F. Ogilvie III (NSBN #3552)
Amanda C. Yen (NSBN #9726)
McDONALD CARANO LLP
2300 W. Sahara Ave, Suite 1200
Las Vegas, NV 89102
Telephone:  702.873.4100
Fax:  702.873.9966
gogilvie@mcdonaldcarano.com
ayen@mcdonaldcarano.com

Steven L. Procaccini (*Pro Hac Vice*)
Chris Ellis Jr. (*Pro Hac Vice*)
NISSENBAUM LAW GROUP, LLC
2400 Morris Avenue, Suite 301
Union, NJ 07083
Telephone: 908-686-8000
Fax: 908-686-8550
sp@gdnlaw.com
ce@gdnlaw.com

*Attorneys for plaintiff Todd VanDeHey*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TODD VANDEHEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>REAL SOCIAL DYNAMICS, INC., a Nevada corporation; NICHOLAS KHO, an individual; OWEN COOK, an individual; John Does 1 through 10, all whose true names are unknown; ABC Companies 1 through 10, all whose true names are unknown.<br><br>Defendants. | CASE NO.: 2:17-cv-02230-JAD-NJK<br><br>**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT AS TO COUNT ONE OF THE AMENDED COMPLAINT** |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT AS TO COUNT ONE OF THE AMENDED COMPLAINT**

Plaintiff Todd VanDeHey ("Plaintiff") hereby files this reply in further support of Plaintiff's Motion for Summary Judgement as to Count One of the Amended Complaint for a Declaratory Judgement Pursuant to 28 U.S.C. 2201 ("Declaratory Judgment Act") and Fed. R. Civ. Pro. 57 determining that the Non-Competition and Non-Solicitation Clauses of the July 27,

2004 independent contractor agreement ("Contractor Agreement") between Plaintiff and defendant Real Social Dynamics, Inc. ("Defendant RSD") are Void and Unenforceable ("Motion").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**LEGAL ARGUMENT**

**POINT ONE**

**A. DECLARATORY JUDGMENT IS THE PROPER VEHICLE TO DETERMINE THE ENFORCEABILITY OF THE NON-COMPETITION AND NON-SOLICITATION CLAUSES IN THE CONTRACTOR AGREEMENT.**

Defendants take the absurd position that because neither party has breached the Contractor Agreement dated July 27, 2004 between Plaintiff and Defendant RSD ("Contractor Agreement"), nor alleged a breach of the Contractor Agreement, that a declaratory judgment is improper. That is exactly the opposite of what the law says. The purpose of a declaratory judgment is to address a breach for which damages would depend on future, contingent events. *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1114 (9th Cir. 2001).

Indeed, courts have adjudicated declaratory actions to determine the enforceability and existence of non-competition agreements, such as the one disputed herein. *Hotel Riviera, Inc. v. Torres*, 97 Nev. 399, 403 (1981); *Gress v. Conover Ins., Inc.*, 2011 WL 4352316 (E.D. Wash. Sept. 16, 2011), *aff'd*, 494 F. App'x 772 (9th Cir. 2012). Clearly, the court is empowered under the Declaratory Judgment Act to adjudicate the enforceability of the Non-Competition and Non-Solicitation Clauses under the Contractor Agreement, as that is exactly the purpose of the Act.

**POINT TWO**

**B. THE NON-COMPETITION AND NON-SOLICITATION CLAUSES ARE OVERLY BROAD AND MADE FOR AN IMPERMISSIBLE PURPOSE, THEREFORE THEY ARE VOID AND UNENFORCEABLE.**

The purpose of non-compete and non-solicitation clauses is to protect a business' proprietary or important business interests. *See Golden Rd. Motor Inn, Inc. v. Islam*, 132 Nev. Adv. Op. 49, 376 P.3d 151, 166 (Hardesty, J., dissenting) (*citing Traffic Control Servs., Inc. v.*

*United Rentals Nw., Inc.*, 120 Nev. 168, 172 (2004)). In their opposition brief, Defendants admit that they seek to enforce the Non-Competition and Non-Solicitation Clauses for the impermissible purpose of allowing RSD to recoup losses before Plaintiff begins work, rather than to protect proprietary or important business interests:

> Thus, RSD will incur losses from no longer promoting Vandehey [sic] or selling his products, because it will take a substantial amount of time to build a new brand around a new instructor.

ECF No. 46 at 7:5-6.

Also, for this reason, revision of the Non-Competition and Non-Solicitation Clauses would be futile. The language of the Non-Competition Clause prevents Plaintiff from being "directly or indirectly involved" with a company in "direct competition" with Defendant RSD. How is the Court to determine the intent of the parties from being "indirectly involved" with a company in "direct competition" with Defendant RSD? Does the clause prevent the Plaintiff from making an appearance at another date coaching company, but not providing any instruction? Does the clause prevent the Plaintiff from talking to owners of other date coaching companies? There is no way to know unless Plaintiff were to file a declaratory judgment for each and every action he intended to take over the next five years. The point is this: the language of the Non-Competition Clause could mean a multitude of things, and the intent of the parties cannot be gleaned from it. Clearly such overly broad restrictions are unreasonable.

Moreover, the plain language of Non-Competition Clause impermissibly prohibits Plaintiff from working in the date coaching industry in any capacity.

> The Contractor [Plaintiff] will not ***own, operate or work for a company or internet website*** that teaches men how to be successful with women and dating, for five (5) years from the date of termination or expiration, in Los Angeles, New York, San Francisco, Sydney, Melbourne, Toronto, Montreal, and London…

ECF No. 41, Exhibit A, Contractor Agreement at ¶¶ 25-27; emphasis added.

Prohibiting the employment of a former employee from the same industry in any capacity is overly broad and unreasonable. *Golden Rd.*, 376 P.3d at 155.

. . .

. . .

Indeed, Defendants agree that if the Contractor Agreement prohibits Plaintiff from working in the dating coaching industry in any capacity—as the Contractor Agreement undeniably does—then it would be overly broad.

> Had the contract restricted Plaintiff from working in any business involving dating, then such a restricting would likely be overbroad.

ECF No. 46 at 7:24-25. In essence, Defendants have conceded that the language of the Contractor Agreement is overbroad, and thus, void and unenforceable.

Furthermore, the Non-Competition Clause extends to the world, not just eight major cities, as Defendants incorrectly state in their responsive brief. Defendants fail to acknowledge that the Non-Competition Clause not only prohibits Plaintiff from working in eight major cities, but also any Internet website that operates in those cities. Effectively, this is a worldwide prohibition against Plaintiff from working in the dating coaching industry, as any company operating an Internet website essentially operates in one of those eight cities.

Defendants also misstate the law regarding how enforcement of the Non-Competition and Non-Solicitation Clauses is appropriate based on the reason for the termination of the parties' relationship. Defendants assert that since they terminated Plaintiff based on the yet to be proven allegations that he embezzled and converted funds, the Court should not hesitant to enforce a non-compete. However, that is not what the law Defendants rely on says. In their brief, Defendants state:

> Where the application of the non-compete provisions results from the desire of an employee to end his relationship with his employer rather than from any wrongdoing by the employer, a court should be hesitant to find undue hardship.

ECF No. 46, p. 8.

That is the opposite of Defendants' position. Plaintiff did not terminate his contract with Defendants. Defendants terminated Plaintiff based on their mere allegations of wrongdoing. In addition, Plaintiff not only denies Defendants' allegations of embezzlement and conversion, but has asserted that <u>Defendants</u> are the ones who converted funds from Plaintiff. Thus, the termination of the relationship between the parties was not because of Plaintiff's desire to end the relationship. Instead, Defendants are the ones who effectively terminated the relationship.

Plaintiff did not bring any undue hardship upon himself in this matter; the hardship has been caused by the overly broad and unreasonable Non-Competition and Non-Solicitation Clauses. The law cited by Defendants is inapplicable to the validity and enforcement of the Non-Competition and Non-Solicitation Clauses.

In sum, the Non-Competition and Non-Solicitation Clauses are overly broad and unreasonable. Therefore, they should be deemed void and unenforceable.

**POINT THREE**

**C.   THE ARBITRATION PROVISION OF THE OPERATING AGREEMENT DOES NOT APPLY TO A DISPUTE BETWEEN THE PARTIES RELATED TO THE CONTRACTOR AGREEMENT.**

Defendants fail to cite any precedent that the arbitration provision of the Operating Agreement dated October 5, 2015 would apply to a dispute under the Contractor Agreement. Instead, Defendants attempt to argue that Plaintiff's Motion is not ripe for adjudication by this Court. As indicated above, that could not be further from what the law says. A declaratory judgment is proper. *See* Point I, *supra.*; *see also* ECF No. 42, Point I.

As indicated in Plaintiff's Motion for Summary Judgment as to Count One of the Amended Complaint, the Contractor Agreement and Operating Agreement are separate and distinct. ECF No. 42, Point IV.

Moreover, NRS 597.995 indicates that "a provision which requires a person to submit to arbitration any dispute…must include specific authorization for the provisions which indicated that the person has affirmatively agreed to the provision". NRS 597.995. Otherwise, "the provision is void and unenforceable". *Id.* The Contractor Agreement contains no such specific authorization provision. Therefore, any dispute arising under the Contractor Agreement cannot be submitted to arbitration as arising out of or related to the Operating Agreement and the Court has jurisdiction to adjudicate this matter.

. . .

. . .

. . .

# CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court grant the relief requested herein, together with such other, further and different relief as the Court deems just, equitable and proper under the circumstances.

RESPECTFULLY SUBMITTED this 22nd day of November, 2017.

                NISSENBAUM LAW GROUP, LLC

By:     */s/Steven L. Procaccini*
Steven L. Procaccini (*Pro Hac Vice*)
Chris Ellis Jr. (*Pro Hac Vice*)
2400 Morris Avenue, Suite 301
Union, NJ 07083

McDONALD CARANO LLP
George F. Ogilvie III (NSBN 3552)
Amanda C. Yen (NSBN 9726)
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV  89102

*Attorneys for plaintiff Todd VanDeHey*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of McDonald Carano LLP, and that on or about the 22nd day of November, 2017, a true and correct copy of the foregoing **PLAINTIFF'S REPLY IN FURTHER SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT AS TO COUNT ONE OF THE AMENDED COMPLAINT** was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification.

*/s/ Jelena Jovanovic*
An employee of McDonald Carano LLP