George F. Ogilvie III (NSBN #3552)
Amanda C. Yen (NSBN #9726)
McDONALD CARANO LLP
2300 W. Sahara Ave, Suite 1200
Las Vegas, NV 89102
Telephone: 702.873.4100
Fax: 702.873.9966
gogilvie@mcdonaldcarano.com
ayen@mcdonaldcarano.com

Steven L. Procaccini (*Pro Hac Vice*)
Chris Ellis Jr. (*Pro Hac Vice*)
NISSENBAUM LAW GROUP, LLC
2400 Morris Avenue, Suite 301
Union, NJ 07083
Telephone: 908-686-8000
Fax: 908-686-8550
sp@gdnlaw.com
ce@gdnlaw.com

*Attorneys for plaintiff Todd VanDeHey*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TODD VANDEHEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>REAL SOCIAL DYNAMICS, INC., a Nevada corporation; NICHOLAS KHO, an individual; OWEN COOK, an individual; John Does 1 through 10, all whose true names are unknown; ABC Companies 1 through 10, all whose true names are unknown.<br><br>Defendants. | CASE NO.: 2:17-cv-02230-JAD-NJK<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>**ORAL ARGUMENT REQUESTED** |

Plaintiff Todd VanDeHey ("Plaintiff"), by and through his attorneys, the law firms of McDONALD CARANO LLP and the NISSENBAUM LAW GROUP, LLC, hereby file this opposition to the Motion to Compel Arbitration and Dismiss Plaintiff's Amended Complaint [ECF Nos. 45 and 48] filed by defendants Real Social Dynamics, Inc. ("RSD"), Nicholas Kho ("Kho") and Owen Cook ("Cook") (RSD, Kho and Cook collectively, the "Defendants").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**PRELIMINARY STATEMENT**

How can we engage in meaningful arbitration when the Defendants have improperly hacked Plaintiff's personal email account and thereby been given access to privileged attorney-client communications and work product about the very legal strategy in the subject matter of the proposed arbitration? In order for the Defendants to seek to have this Court compel anything, they must have clean hands. How are their hands clean in seeking this Court's assistance to compel a <u>confidential</u> arbitration using pilfered materials to their advantage? On what basis do they have the right to have this Court further—and cover up as confidential— evidence of their wrongdoing?

According to the Defendants, the basis for this absurd legal position is that they conjecture Plaintiff's personal email may contain some business-related communications. But even if that were true, why not serve a discovery request or seek a court order for production of just those emails? Why commit what is essentially a computer crime to access Plaintiff's private email account without the Plaintiff's or the Court's authorization or even knowledge? Again, what legal theory gave them license to hack?

In fact, the Defendants' position that the personal email account may have been used for some business communications—which is obviously not a basis to authorize a computer crime, in any event—is highly suspect. Simply put, it contradicts their earlier position. On August 12, 2017, Defendants' counsel forwarded Plaintiff's counsel an email outlining the "RSD tech platforms/accounts" as to which Plaintiff's access would be terminated. *See* Defendants' Opposition to Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, Exhibit K, ECF No. 23-11. In that communication, Defendants only listed emails with the domain ending @*realsocialdynamics.com*, which they denominated as "RSD email domains". *Id.* Nowhere in the email did Defendants indicate that Plaintiff's personal Gmail account was one of the RSD tech platforms/accounts; they never listed the Plaintiff's personal email account "tvandehey@gmail.com" as a business account or asset.

. . .

However, now that the Defendants have committed what appears to be a computer crime, the Defendants have retroactively concocted the argument that Plaintiff's personal Gmail account is a business asset of RSD. Nevertheless, the record is clear: the Defendants omitted Plaintiff's personal Gmail account from their prior list of the RSD business accounts; that is an admission by the Defendants that they did not consider the Plaintiff's personal Gmail account an RSD business asset.

That only makes sense. Obviously, the configuration of the personal Gmail account verifies that it is personal in nature. The Gmail account consists of the initial of Plaintiff's first name "T" and his last name "VanDeHey". It does not include his professional alias that he used for Valentine Life's business matters "Todd Valentine". In other words, on its face, the email account is personal and has nothing to do with RSD or Valentine Life.

But there is an even more immediate reason to conclude that the Defendants are well aware that they have committed what amounts to a computer crime: they have failed to deny it.

There is not one reference in their moving papers to their ever denying that they hacked Plaintiff's personal Gmail account. That is a point that bears emphasis: Plaintiff's counsel have asked them in writing on multiple occasions whether or not they illegally hacked Plaintiff's personal email account, and yet at every such opportunity, they have failed to deny it. One must ask why a party to a civil suit being asked whether they committed a cyber-crime in connection with the subject matter of that suit—and pending arbitration—repeatedly has failed to deny it. What reason could there be for refusing to deny something that any rational party would deny (if it were not true)?

Perhaps one way of getting to the bottom of this would be for this Court to demand that the Defendants state on the record whether or not any of them have accessed Plaintiff's personal email account, and if so, to immediately produce to the Plaintiff all email and related attachments downloaded from that intrusion. In other words, if the Defendants will not tell the Plaintiffs what they have done, perhaps it is time for the Court to intervene to ensure that happens.

Clearly, the Defendants have made the craven decision that the right course of conduct is to hide their improper acts by taking the position that everything should be placed into

confidential arbitration where they can hide their actions from scrutiny. Indeed, the fact that they want this entire dispute handled confidentially is their one last hope of covering up what may amount to a cyber-crime. But again, what legal precedent would allow a party to use the confidentiality restriction of an arbitration provision to cover up such wrongful conduct—and to seek the Court's assistance in doing so?

It is not an exaggeration to state that this has all been a bald-faced attempt to mislead the Court. On September 8, 2017—just two days before Plaintiff's Gmail account was hacked—the parties were before this Court on Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction regarding Valentine Life's business assets. However, at no point during the hearing did Defendants indicate that the Gmail account tvandehey@gmail.com was a business asset of Valentine Life. Indeed, at no point did they indicate that they were about to hack into that account and download emails contained therein. *See* September 8, 2017 Emergency Motion Hearing Transcript, ECF No. 48, Exhibit 1.

If the Defendants considered the Court's denial of Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction a license to hack into the Gmail account and steal Plaintiff's private communications, including attorney-client and work product privileged information, why did they not just say so? Why did they hide something that it was their position they were authorized to do? Why do it in secret?

All of which leads to the central point: even if the causes of action stated in the Amended Complaint were arbitrable—which they are not—how can Plaintiff arbitrate when he does not know which of his arguably stolen privileged and confidential attorney-client communications the other side possesses? Indeed, the apparent theft of Plaintiff's attorney-client communications leads to the ineluctable conclusion that confidential arbitration cannot be conducted in a way that comports with basic fundamental fairness.

Accessing Plaintiff's personal Gmail account without authorization and stealing his attorney-client communications is not an issue to be decided in secret based on a confidential contractual arbitration provision in the Valentine Life Operating Agreement ("Operating Agreement").

Indeed, one must ask an even more basic question: what authority does an arbitrator have to determine whether or not a crime has occurred—especially when such a determination would be made under the cloak of contractual confidentiality? In other words, to the extent a serious federal crime has been committed, and the Defendants seek to impose confidentiality restrictions on the disclosure of evidence and findings relating to that fact, would that not place the arbitrator in the position of potentially being a conspirator after the fact engaged in an illegal cover-up or alteration of evidence of a crime? And what position would that put this Court in, were an order to be entered enforcing such confidential arbitration of a potential crime?

For all these reasons, the instant motion should be denied.

## POINT ONE

### A. DEFENDANTS HAVE FAILED TO MEET THE STANDARD FOR A MOTION TO DISMISS

"A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). "Where the jurisdictional issue is separable from the merits of the case, the judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." *Id*.

Here, Defendants have not attacked the allegations of the complaint but the existence of subject matter jurisdiction itself by asserting that all the causes of action alleged in the Amended Complaint should be submitted to arbitration. To restate the obvious, this argument must fail because Defendants have put forth no evidence that demonstrates Plaintiff agreed to arbitrate any dispute regarding criminal hacking into his personal Gmail account. The allegations in the Amended Complaint are based on unauthorized access into the Plaintiff's personal email account, not a contractual dispute. The Amended Complaint clearly states causes of action that are not subject to arbitration.

. . .

**1. Arbitration of the Unauthorized Access into Plaintiff's Gmail Account is Not Appropriate.**

Defendants make the absurd argument that the mere fact that Plaintiff may have used his Gmail account for business makes any unauthorized access into his personal email by the Defendants subject to arbitration. Even if Plaintiff used the Gmail account for business, what legal right do Defendants have to access the account without authorization? To the contrary, they do not.

The Southern District of New York has found that an employer has no right to access an employee's personal email, even when that personal email was accessed from business computers and the passwords were in the employer's systems. In *Pure Power Boot Camp v. Warrior Fitness Boot Camp*, 587 F. Supp. 2d 548, 561 (S.D.N.Y. 2008), the Court held that the employee "had a subjective belief that his personal e-mail accounts, stored on third-party computer systems, protected (albeit ineffectively) by passwords, would be private. That expectation of privacy was also reasonable." Indeed, the actions against Plaintiff in the instant matter are more egregious than those in *Pure Power*, as Defendants have consistently alleged that Plaintiff was an independent contractor. An independent contractor would arguably have an even greater expectation of privacy in is his personal email than an employee would.

Moreover, the very premise of Defendants' argument that it had a right to such access would be absurd. The hacking into Plaintiff's personal Gmail account took place a month after Plaintiff was "terminated" from RSD. How is the unauthorized access into Plaintiff's email account a month after his termination subject to confidential contractual arbitration relating to a business dispute that concerns matters that occurred before the termination?

This would be tantamount to Plaintiff leaving his house keys at work, and then being ordered by this Court to arbitrate whether the Defendants had the right to use those keys to burglarize his house a month after he was fired. What would the Defendants' position be then, that the burglary was justified because at some earlier point Plaintiff performed work at his home? And what law would allow the Defendants to burglarize Plaintiff, in any event?

. . .

The issue is not whether Plaintiff used his personal email for business, rather it is whether Plaintiff's personal email was accessed illegally. Clearly, the wrongful access into Plaintiff's personal Gmail account constitutes intentional tortious—and possibly criminal—conduct against Plaintiff which is not subject to any arbitration agreement between Plaintiff and the Defendants.

**2. Defendants Have Failed to Demonstrate Plaintiff's Personal Gmail Account is a Business Asset.**

Defendants have asserted without any support that Plaintiff's personal Gmail account is a business asset. Plaintiff has already informed the Court of the personal nature of his Gmail account. *See* Declaration of Todd VanDeHey in Support of Plaintiff's Emergency Omnibus Motion (1) For Expedited Discovery and (2) to Amend the Complaint, dated September 25, 2017, ECF No. 29. But if the Defendants considered Plaintiff's personal email account a business asset to which they required access, where are the advance request for access? There are none because Defendants have just recently asserted Plaintiff's personal email is a business asset as a Hail Mary in attempt to conceal their wrongdoing.

Indeed, as set forth above in the Preliminary Statement, Defendants failed to identify Plaintiff's personal Gmail account in a prior list of RSD assets, as to which they indicated Plaintiff's access would be terminated. *See* ECF No. 23-11. Not until Defendants filed their opposition to Plaintiff's motion for summary judgment and the instant motion was there ever any indication that they considered Plaintiff's Gmail account a business asset.

By Defendants' logic, the fact Plaintiff may have used the personal email account for business matters grants Defendants the unlimited right to secretly and without advance notice access all of Plaintiff's personal email anytime and without authorization. Again, this includes attorney-client and work product privileged material generated by Plaintiff's counsel. Clearly, Defendants have no right to hack into Plaintiff's personal email any more than they have a right to break into his house

The Stored Communications Act, 18 U.S.C. 2701; Computer Fraud and Abuse Act, 18 U.S.C. 1030; and the Nevada Computer Crimes Act, NRS 205.4765 (as alleged in the Amended Complaint) prohibit this misconduct. Indeed, if an individual or entity were allowed to secretly

hack into another's email account every time there was an allegation that a personal email contained business emails, our Federal Rules of Civil Procedure would be rendered meaningless, and the civil litigation process would be effectively become a mechanism to cover up a crime.

In sum, the causes of action in the Amended Complaint relate to wrongdoing against Plaintiff personally. They do not relate to wrongdoing committed against Valentine Life and are not subject to the arbitration provision of the Operating Agreement governing Valentine Life.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court deny the Defendants' application, together with such other, further and different relief as the Court deems just, equitable and proper under the circumstances.

RESPECTFULLY SUBMITTED this 27th day of November, 2017

NISSENBAUM LAW GROUP, LLC

By:   */s/Steven L. Procaccini*
Steven L. Procaccini (*Pro Hac Vice*)
Chris Ellis Jr. (*Pro Hac Vice*)
2400 Morris Avenue, Suite 301
Union, NJ 07083

McDONALD CARANO LLP
George F. Ogilvie III (NSBN 3552)
Amanda C. Yen (NSBN 9726)
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV  89102

*Attorneys for plaintiff Todd VanDeHey*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of McDonald Carano LLP, and that on or about the 27th day of November, 2017, a true and correct copy of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS PLAINTIFF'S AMENDED COMPLAINT** was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification.

*/s/ Jelena Jovanovic*
An employee of McDonald Carano LLP