JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
STEVEN G. KNAUSS, ESQ.
Nevada Bar No. 12242
**MAIER GUTIERREZ & ASSOCIATES**
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Telephone: (702) 629-7900
Facsimile: (702) 629-7925
E-mail:   jag@mgalaw.com
          sgk@mgalaw.com

*Attorneys for Defendants Real Social Dynamics, Inc.,
Nicholas Kho, and Owen Cook*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TODD VANDEHEY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>REAL SOCIAL DYNAMICS, INC., a Nevada corporation; NICHOLAS KHO, an individual; OWEN COOK, an individual,<br><br>Defendants. | Case No.: 2:17-cv-02230-JAD-NJK<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND DISMISS PLAINTIFF'S AMENDED COMPLAINT** |

Defendants Real Social Dynamics, Inc., Nicholas Kho and Owen Cook (collectively "Defendants"), by and through their attorneys of record, hereby file this reply in support of the motion to compel arbitration and dismiss plaintiff's amended complaint [ECF Nos. 45 and 48].

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

This reply is made and based upon the following memorandum of points and authorities, the papers and pleadings on file herein, and any argument of counsel at the time of the hearing.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.     INTRODUCTION

At this time, the sole issue is whether this Court has jurisdiction to hear the ongoing, employment-related disputes between two parties who executed an enforceable contractor agreement with a valid arbitration provision. Posing over 17 rhetorical questions is undoubtedly cathartic for Plaintiff's counsel, but as an argumentative technique it is ultimately unpersuasive. Instead, this dialectical device serves only to conflate the issues and mistake allegations for facts. Plaintiff's claims regarding email access is not a dispositive issue, but rather it is meant to distract this Court from Plaintiff's embezzlement, fraud, and his continually weakening case.

### II.    LEGAL ARGUMENT

The party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration. *Zenelaj v. Handybrook Inc.*, 82 F. Supp. 3d 968, 970 (N.D. Cal. 2015) (citing *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000)). Rather, a court must defer to arbitration unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute, and any doubts should be resolved in favor of coverage. *Id.* (citing *AT&T Tech., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986).

Plaintiff made repeated assertions during oral argument on September 8, 2017, evidencing his unequivocal intent to enter arbitration. With those statements in mind, and pursuant to the arbitration provision within the Valentine Life Operating Agreement, Defendants submitted their Statement of Demand for Arbitration to JAMS on September 28, 2017, attached hereto as **Exhibit A**. JAMS opened the arbitration case on October 4, 2017, but Plaintiff has yet to file an answer after 2 months. Instead, Plaintiff now claims his new email allegations are completely unrelated to the Contractor Agreement and/or Valentine Life LLC and are thus unable to be arbitrated. Meanwhile, Plaintiff is postponing his answer to Defendant's Arbitration Demand indefinitely.

It is also curious and rather hypocritical for Plaintiff to repeatedly argue that Defendant's failure to deny allegations constitute an admission, when Plaintiff has similarly failed to deny allegations that he has embezzled and/or misappropriated over $800,000.00 from Defendants.  If Defendant's were to use Plaintiff's reasoning, then Mr. Vandehey has irrefutably committed tortious and criminal acts of fraud and theft simply ***because he has never denied doing so***.  Unquestionably, this is specious reasoning.  Unlike Plaintiff, Defendants intend to use the arbitration process, as well as the discovery tools and procedures available under the law, to disclose and uncover evidence that proves their allegations against Plaintiffs, rather than merely pose rhetorical questions.

Furthermore, all five (5) Counts (causes of action) relate to business dealings of Real Social Dynamics, Todd Vandehey, and/or Valentine Life.  Even if the email-related causes of action in Counts Two, Three, and Four[1] are taken as true, Plaintiff is recklessly mischaracterizing the intent and purpose of his Gmail account: ***tvandehey@gmail.com was not a 'personal' email account***.  This was Plaintiff's primary communication point for RSD customer service, RSD marketing, RSD sales, and RSD public relations.

All emails from alternate RSD domains (valentinelife.com and realsocialdynamics.com) were forwarded to Plaintiff's Gmail account at the Plaintiff's instruction.  For Plaintiff to now claim that Defendants would have no authority to access a Gmail account used to contact RSD customers and process RSD payments is disingenuous at best, and intentionally misleading at worst.

 The single, non-binding authority cited by Plaintiff in this regard, *Pure Power Boot Camp v. Warrior Fitness Boot Camp*, does hold that an employee has an expectation of privacy in their personal email, but Plaintiff omits the critical fact that the employee in *Pure Power* was not using their personal email for work purposes. 587 F.Supp.2d 548, 560 (S.D.N.Y. 2008). Plaintiff illogically concludes the issue as "not whether Plaintiff used his personal email for business, rather it is whether Plaintiff's personal email was accessed illegally" [ECF No. 50 at 7:1-4].  When in fact, the issue of whether Plaintiff's Gmail was used for business is precisely determinative of whether said account was accessed illegally.

---

[1] Violations of the Stored Communications Act, Violation of the Computer Fraud and Abuse Act, and Violation of NRS 205.4765, respectively.

All of the causes of action raised in Plaintiff's Amended Complaint involve conflicts and facts stemming from either (1) the parties employee/independent contractor relationship with respect to their roles and responsibilities operating Valentine Life, or (2) the parties dissolution of Valentine Life.  The indignation and derision with which Plaintiff brings his allegations, whether posed as a rhetorical question or as an assumption stated as fact, is only misdirection to avoid responding to Defendant's Arbitration Complaint.

### III.    CONCLUSION

Accordingly, Defendants respectfully requests that their Motion to Compel Arbitration and Dismiss their Amended Complaint be granted.

DATED this 4th day of December, 2017.

Respectfully submitted,

**MAIER GUTIERREZ & ASSOCIATES**

/s/ *Steven Knauss*
JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
STEVEN G. KNAUSS, ESQ.
Nevada Bar No. 12242
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorneys for Defendants Real Social Dynamics, Inc., Nicholas Kho, and Owen Cook*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of December, 2017, a true and correct copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND DISMISS PLAINTIFF'S AMENDED COMPLAINT** was electronically filed with the Clerk of the Court using the Court's CM/ECF system, and served to all parties and counsels of record registered to receive CM/ECF notifications.

/s/ *Charity Johnson*
An employee of MAIER GUTIERREZ & ASSOCIATES