George F. Ogilvie III (NSBN #3552)
Amanda C. Yen (NSBN #9726)
McDONALD CARANO LLP
2300 W. Sahara Ave, Suite 1200
Las Vegas, NV 89102
Telephone:  702.873.4100
Fax:  702.873.9966
gogilvie@mcdonaldcarano.com
ayen@mcdonaldcarano.com

Steven L. Procaccini (*Pro Hac Vice*)
Chris Ellis Jr. (*Pro Hac Vice*)
NISSENBAUM LAW GROUP, LLC
2400 Morris Avenue, Suite 301
Union, NJ 07083
Telephone: 908-686-8000
Fax: 908-686-8550
sp@gdnlaw.com
ce@gdnlaw.com

*Attorneys for plaintiff Todd VanDeHey*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TODD VANDEHEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>REAL SOCIAL DYNAMICS, INC., a Nevada corporation; NICHOLAS KHO, an individual; OWEN COOK, an individual; John Does 1 through 10, all whose true names are unknown; ABC Companies 1 through 10, all whose true names are unknown.<br><br>Defendants. | CASE NO.: 2:17-cv-02230-JAD-NJK<br><br>**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF THE EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

Given the urgent nature of the relief sought and the extraordinary admissions contained in the opposition filed by the defendants Real Social Dynamics, Inc. ("RSD"), Nicholas Kho ("Kho") and Owen Cook ("Cook") (collectively, the "Defendants"), plaintiff Todd VanDeHey ("Plaintiff") hereby files this reply brief to provide context for the Court so that these issues can be properly framed for the Court's consideration.

The opposition papers constitute an admission that Defendant Kho <u>illegally</u> accessed Plaintiff's personal Gmail account. We acknowledge that Defendants argue Defendant Kho was authorized to do so; but that is complete and utter nonsense.

Defendants' arguments are an obvious fallacy for two reasons: (1) Defendant Kho infiltrated the personal Gmail account in secret, without even appearing to engage in the discovery procedures that are required for doing so—in other words, without allowing for an assertion of privilege; the redaction of personal messages and information; and the excision of material that is covered by the attorney-client privilege. He essentially snuck in and stole whatever he could get his hands on and (2) in doing so, he violated federal and state criminal laws.

The fact of the matter is, if the Defendants required access to Plaintiff's personal Gmail account in order to provide customer service, as Defendant Kho states in his Affidavit, why not serve a discovery request (or even file an emergency motion) for the pertinent information? ECF No. 63-1, Exhibit B, para. 15. If "an inability to access the tvandehey@gmail.com account is causing irreparable harm to RSD" where is the Defendants' motion for a temporary restraining order and preliminary injunction? *Id.* There are none. Defendants' opposition is nothing more than a jumble of illogical nonsense in an attempt to cover up criminal actions.

By Defendants' logic, Defendant Kho could break into Plaintiff's home and steal all his papers in order to retrieve one RSD business file. Defendant Kho could break into Plaintiff's car because he used it for business, just in case some business items may be in the car. Furthermore, Defendant Kho could reach into Plaintiff's pockets in order to obtain an RSD business contact's card in Plaintiff's wallet. In essence, Defendant Kho has engaged in self-help and taken an "ends justify the means" approach.

Defendants cite *Hilderman v. Enea TekSci, Inc.*, 551 F. Supp. 2d 1183 (S.D. Cal. 2008), to support their position that Defendant Kho's access to Plaintiff's personal Gmail was justified. The *Hilderman* case involved an employer's authorized access into a company-owned laptop through which an employee accessed his personal emails. *Id.* at 1203. However, the employer in

*Hilderman* did not log into any of the employee's personal email accounts. *Id.* Rather, the employer only viewed material that was saved to the computer. *Id.*

This is the opposite of what Defendant Kho did. Defendant Kho did not search Plaintiff's laptop issued by RSD. Rather, Defendant Kho hacked into Plaintiff's personal email account—something that was not done in *Hilderman*. Indeed, in *Pure Power Boot Camp v. Warrior Fitness Boot Camp*, 587 F. Supp. 2d 548, 561 (S.D.N.Y. 2008), the Court acknowledged that an employee "had a subjective belief that his personal e-mail accounts, stored on third-party computer systems, protected (albeit ineffectively) by passwords, would be private. That expectation of privacy was also reasonable." The actions against Plaintiff in the instant matter are more egregious than those in *Pure Power*, as Defendants have consistently alleged that Plaintiff was an independent contractor. An independent contractor would arguably have an even greater expectation of privacy in his personal email than an employee would.

Moreover, it does not matter that Defendant Kho asserts he does not recall viewing any attorney-client communication—a bald-faced lie, given the fact that the Plaintiff has already submitted to this Court an attorney-client communication that was stolen (Declaration of Ondrej Krehel ("Krehel Declaration") ECF Nos. 56-7, 57-7)—what matters is the fact that Defendant Kho not only committed an illegal act in accessing the documents, but then sought to cover it up. Put another way, if all this was completely innocent and justified, why hide it for so long? Why not admit it when Defendant Kho was found out?

Here is what has been transpiring over the last three (3) months.

- On or about September 11, 2017, Plaintiff's counsel requested Defendants' counsel inform if any person affiliated with RSD, including Defendant Kho, had obtained access to Plaintiff's Gmail account tvandehey@gmail.com. A true and accurate copy of the September 11, 2017 correspondence is attached hereto as **Exhibit A**. In addition, Plaintiff's counsel asked "if you are taking the position that any such activity was legally allowed…kindly provide citations to legal authority upon which you base that assertion." *Id.*

. . .

- On or about September 12, 2017, Defendants' counsel responded that they "have no information beyond your [Plaintiff's] allegations to draw a conclusion as to the statements within your [September 11] letter." A true and accurate copy of the September 12, 2017 correspondence is attached hereto as **Exhibit B.** In addition, Defendants' counsel indicated that there was "little instruction [he] could pass to [his] clients beyond the very obvious: <u>do not access Mr. Vandehey's personal Gmail account</u>." *Id.*; emphasis added.

- On or about September 22, 2017, Plaintiff's counsel forwarded a second letter to Defendants' counsel informing that the theft of Plaintiff's email led to the nonconsensual disclosure of attorney-client and work product privileged materials. A true and accurate copy of the September 22, 2017 correspondence is attached hereto as **Exhibit C**. Again, Plaintiff's counsel requested whether "(a) any person affiliated with Real Social Dynamics, Inc. and/or (b) anyone affiliated with [Defendants' counsel had] obtained access to any such privileged materials." *Id.* No response to the September 22, 2017 letter was received.

- On or about October 5, 2017, Plaintiff's counsel forwarded a third letter asking yet again whether any of the Defendants accessed the Plaintiff's personal Gmail account. A true and accurate copy of the October 5, 2017 correspondence is attached hereto as **Exhibit D**.

- On or about October 9, 2017, Defendants' counsel responded to the October 5 correspondence refusing to answer Plaintiff's inquires, stating "I am indeed curious why you repeatedly ask questions which are <u>not only blatant attempts to imply involvement in alleged tortious activities</u>, but also necessitate a breach of attorney-client privilege with any answer that would be provided." emphasis added. A true an accurate copy of the October 9, 2017 correspondence is attached hereto as **Exhibit E**.

In sum, Defendants at every turn—prior to the filing of their opposition to the instant Emergency Motion—refused to answer Plaintiff's inquiries regarding the unauthorized access

into his account and claimed that the violation of Plaintiff's attorney-client privileged information was somehow protected by their attorney-client privilege.

If Defendant Kho's actions were innocent, why did the Defendants wait until filing their opposition to the instant motion to state that? Why was that statement not made months ago in September, when Plaintiff first inquired into the unauthorized access into his personal Gmail account? Indeed, what in Defendants' brief is protected under the attorney-client privilege if the Defendants' position is that everything Defendant Kho did was authorized?

It is undeniable that Plaintiff's attorney-client communications were accessed by the Defendants, despite Defendant Kho's assertion to the contrary. ECF No. 63-1, Exhibit B, para. 18. The Krehel Declaration demonstrates that Plaintiff's attorney-client communication was forwarded from Plaintiff's personal Gmail account to a Microsoft account outside of Plaintiff's control. ECF Nos. 56-7, 57-7. Obviously, Defendant Kho has accessed Plaintiff's attorney-client communications.

Moreover, it is obvious from the Krehel Declaration that Defendant Kho was successful in obtaining a data back-up of at least some of the data from Plaintiff's Gmail account. ECF Nos. 56-3, 57-3. Clearly, there is a misrepresentation in Defendants' opposition that "a bulk download of emails was ultimately unsuccessful". ECF No. 63, p. 5. In addition, that factual statement is not even supported in Defendant Kho's affidavit.

The long and the short of it is, Defendants (1) never asked Plaintiff to provide any customer service emails and (2) violated federal and state criminal statutes in order to obtain access to Plaintiff's personal Gmail account without authorization.

As indicated in Plaintiff's opposition to Defendants' Motion to Dismiss the Amended Complaint and Compel Arbitration, the parties were before this Court on September 8, 2017—just two days before Plaintiff's Gmail account was hacked. Defendants never indicated during the hearing that they would suffer irreparable harm if they did not obtain copies of Plaintiff's personal email. ECF Nos. 50, 51, p. 4.

. . .

. . .

# CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court grant the relief requested herein, together with such other, further and different relief as the Court deems just, equitable and proper under the circumstances.

RESPECTFULLY SUBMITTED this 7th day of December, 2017.

NISSENBAUM LAW GROUP, LLC

By:  /s/Steven L. Procaccini
Steven L. Procaccini (*Pro Hac Vice*)
Chris Ellis Jr. (*Pro Hac Vice*)
2400 Morris Avenue, Suite 301
Union, NJ 07083

McDONALD CARANO LLP
George F. Ogilvie III (NSBN 3552)
Amanda C. Yen (NSBN 9726)
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
*Attorneys for plaintiff Todd VanDeHey*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of McDonald Carano LLP, and that on or about the 7th day of December, 2017, a true and correct copy of the foregoing **PLAINTIFF'S REPLY IN FURTHER SUPPORT OF THE EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification.

                                                */s/ Jelena Jovanovic*
                                                An employee of McDonald Carano LLP

## INDEX OF EXHIBITS

| Description | Exhibit No. |
|---|---|
| September 11, 2017 Letter from the Nissenbaum Law Group to Maier Gutierrez & Associates | A |
| September 12, 2017 Letter from Maier Gutierrez & Associates to the Nissenbaum Law Group | B |
| September 22, 2017 Letter from the Nissenbaum Law Group to Maier Gutierrez & Associates | C |
| October 5, 2017 Letter from the Nissenbaum Law Group to Maier Gutierrez & Associates | D |
| October 9, 2017 Letter from Maier Gutierrez & Associates to the Nissenbaum Law Group | E |