# Exhibit C

## (September 22, 2017 Letter from the Nissenbaum Law Group to Maier Gutierrez & Associates)

# Exhibit C

**NISSENBAUM LAW GROUP, LLC**
ATTORNEYS AT LAW
WWW.GDNLAW.COM

2400 MORRIS AVENUE, SUITE 301
UNION, NEW JERSEY 07083

P. 908.686.8000
F. 908.686.8550

NISSENBAUM LAW GROUP, LLC
TWENTIETH ANNIVERSARY
1997-2017

GARY D. NISSENBAUM, ESQ. ○
LAURA J. MAGEDOFF, ESQ. □

STEVEN L. PROCACCINI, ESQ. •
RYAN N. FERNANDEZ, ESQ. ∆
JOHN BURKE, ESQ. ∆
CHRIS ELLIS JR., ESQ. ∆
MADELAINE P. HICKS *

MELISSA RYAN REITBERG, JD, LAW CLERK
CAROLE J. ZEMPEL, SUPERVISING PARALEGAL
APRIL LANZET, HEAD PARALEGAL
ELS LAUREYSENS, PARALEGAL

○ Admitted in New Jersey, New York, Pennsylvania, Texas & the District of Columbia
□ Admitted in New Jersey, New York, Pennsylvania & Texas
• Admitted in New Jersey, New York & Pennsylvania
∆ Admitted in New Jersey & New York
* Associate (Passed New York Bar; Application for Admission Pending)

**NEW YORK:**
140 BROADWAY, 46TH FLOOR
NEW YORK, NEW YORK 10005
P. 212.871.5711 / F. 212.871.5712

**TEXAS:**
100 CRESCENT COURT, 7TH FLOOR
DALLAS, TEXAS 75201
P. 214.222.0020 / F. 214.222.0029

**PENNSYLVANIA:**
1500 MARKET STREET
12TH FLOOR, EAST TOWER
PHILADELPHIA, PENNSYLVANIA 19102
P. 215.523.9350 / F. 215.523.9395

Please reply to:  ☒ NJ  ☐ NY  ☐ PA  ☐ TX

MEETINGS WITH ATTORNEYS BY APPOINTMENT ONLY

September 22, 2017

**VIA EMAIL**
Steven Knauss, Esq.
MGA Law
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148

Re:   **Todd VanDeHey Gmail Account - tvandehey@gmail.com**

Dear Mr. Knauss:

We write as a follow-up to our letter of September 11th, and your response the following day, regarding the very serious and urgent matter concerning the unauthorized entry into our client's personal Gmail account **tvandehey@gmail.com**. This is a troubling development on many levels, but the one I want this letter to focus on is the independent duty it raises for your law firm and the attorneys affiliated with it.

It appears clear that the theft of our client's email led to the nonconsensual disclosure of Mr. VanDeHey's attorney/client and/or work product privileged materials. This has created independent obligations to our client and to the Court on the part of your law firm and the attorneys affiliated with it. Those obligations are not satisfied with some sort of instruction to your client not to access Mr. VanDeHey's personal email account. That does not address the fundamental issue as to whether any of your clients, or agents acting on their behalf, have

already obtained access to documents and emails covered by Mr. VanDeHey's attorney/client and work product privileges.

If your clients have obtained access to such information, it is your obligation to so inform us; return any such materials; and give us (and the Court) an explanation as to why it has taken this long for you to do so. In other words, we will need a detailed explanation of what happened; why you have not addressed it so far; and what you are going to address it now.

Accordingly, we once again ask for a substantive response as to whether (a) any person affiliated with Real Social Dynamics, Inc. ("RSD") and/or (b) anyone affiliated with your law firm has obtained access to any such privileged materials. In that regard, we are directing you to answer each of the specific numbered questions with separate responses that are likewise so numbered.

1. Are you aware of any person affiliated with RSD who obtained access to Mr. VanDeHey's personal Gmail account at tvandehey@gmail.com (the "Gmail account")?

2. Are you aware of any person affiliated with RSD who accessed the Gmail account on or after September 8, 2017 from IP address 2600:1011:b05f:d153:513b:9ce:4388:8b9d?

3. Are you aware of any person affiliated with RSD who accessed the Gmail account on or after September 8, 2017 from IP address 2600:8801:580:aec0:c531:434:a59d:7b6?

4. Are you aware of any person affiliated with RSD who received any emails from the Gmail account on or after September 8, 2017?

5. Are you aware of any person affiliated with RSD with access to the email address formerly used by Mr. VanDeHey, todd@realsocialdynamics.com (the "RSD email account") who received any emails from the Gmail account on or after September 8, 2017?

6. Are you aware of any person affiliated with RSD with access to the RSD email account, who reset the Gmail account password recovery email address to todd@realsocialdynamics.com?

7. Are you aware of any person affiliated with RSD with access to the RSD email account, who reset the Gmail account telephone number to 702-600-8317?

8. Are you aware of any person affiliated with RSD who accessed to the Gmail account to create an entire export copy of twenty-nine (29) Google programming platforms totaling 19.73 gigabytes of electronically stored information from the Gmail account on or about September 10, 2017?

2

9. Are you aware of any person affiliated with RSD who accessed to the Gmail account to complete the download of the entire export copy the Gmail account on or about September 11, 2017?

10. Are you aware of any person affiliated with RSD who has come into the possession, in whole or in part, of the 19.73 gigabytes of electronically stored information from the Gmail account at any time?

11. Are you aware of any person affiliated with RSD who forwarded emails contained in the Gmail account at any time?

12. Are you aware of any person affiliated with RSD who attempted to delete from the Gmail account emails they previously forwarded (to either themselves or others) from the Gmail account?

13. Are you aware of any person affiliated with RSD who has access to the account toddrsd@hotmail.com?

14. Are you aware of any person affiliated with RSD with access to the account toddrsd@hotmail.com who received any emails from the Gmail account?

15. Are you aware of any person affiliated with RSD who attempted to delete from the Gmail account emails they previously forwarded to toddrsd@hotmail.com from the Gmail account?

For any responses of "NO" to the above inquiry, please confirm in writing that you made the proper inquiry into issue, including a detailed description of the inquiry. For any answers of "YES" to the above questions, we demand that you provide the following information:

1. The name and address of any individuals with knowledge of the matters referred to in that question;

2. The date and time that anyone affiliated with your law firm learned that matters referred to in that question;

3. A detailed description of all the facts of which you are aware concerning the underlying circumstances of matters referred to in that question. This should include a timeline and a full explanation of exactly what happened and why;

4. A detailed explanation of any actions or communications undertaken by anyone affiliated with your firm to ensure that any personal and privileged information was not accessed; and once accessed, that it was not further disseminated; and

5. When and how such information will be returned to my law firm and taken away from your client and your law firm. Further, an answer to how

3

our client can be assured that your client and your law firm will not utilize the information gained through the possible breach of the privileges to prejudice my client's rights.

Steven, I would be remiss in closing without expressing that we take no satisfaction in the untenable position in which your client undoubtedly put you and your firm. However, our purpose remains unchanged, with emphasis on the independent duties to the Bar and the Court in immediately addressing these very serious issues in consonance with our roles as advocates.

Please be guided accordingly.

NISSENBAUM LAW GROUP, LLC

BY: _____
Steven L. Procaccini

cc:   Joseph Gutierrez, Esq.