George F. Ogilvie III (NSBN #3552)
Amanda C. Yen (NSBN #9726)
McDONALD CARANO LLP
2300 W. Sahara Ave, Suite 1200
Las Vegas, NV 89102
Telephone:  702.873.4100
Fax:  702.873.9966
gogilvie@mcdonaldcarano.com
ayen@mcdonaldcarano.com

Steven L. Procaccini (*Pro Hac Vice*)
Chris Ellis Jr. (*Pro Hac Vice*)
NISSENBAUM LAW GROUP, LLC
2400 Morris Avenue, Suite 301
Union, NJ 07083
Telephone: 908-686-8000
Fax: 908-686-8550
sp@gdnlaw.com
ce@gdnlaw.com

*Attorneys for plaintiff Todd VanDeHey*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TODD VANDEHEY, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>REAL SOCIAL DYNAMICS, INC., a Nevada corporation; NICHOLAS KHO, an individual; OWEN COOK, an individual; John Does 1 through 10, all whose true names are unknown; ABC Companies 1 through 10, all whose true names are unknown.<br><br>  Defendants. | CASE NO.: 2:17-cv-02230-JAD-NJK<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br><u>**ORAL ARGUMENT REQUESTED**</u> |

Plaintiff Todd VanDeHey ("Plaintiff"), by and through his attorneys, the law firms of McDONALD CARANO LLP and the NISSENBAUM LAW GROUP, LLC, hereby submit this opposition to the Renewed Motion to Compel Arbitration and Dismiss Plaintiff's Amended Complaint ("Renewed Motion") pursuant to Federal Rule of Civil Procedure 12(b)(1) [ECF No. 77] filed by defendants Real Social Dynamics, Inc. ("RSD"), Nicholas Kho ("Nick Kho"), Owen

Cook ("Cook") and Amber Kho ("Amber Kho") (RSD, Nick Kho, Cook and Amber Kho collectively, the "Defendants").[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

Defendants' Renewed Motion still fails to address the central question of this case: How can the parties engage in meaningful arbitration when the Defendants have improperly hacked Plaintiff's personal email account and thereby been given access to Plaintiff's privileged attorney-client communications and work product—especially when that hacking disclosed the very legal strategy for the proposed arbitration?

The answer is they cannot.

The mere fact that Plaintiff includes allegations in the Amended Complaint and Second Amended Complaint providing background and context to the disputes between the parties does not lead to the conclusion that "the ***entire*** factual underpinning of Plaintiff's Amended Complaint (and Second Amended Complaint) rest upon the allegations of wrongdoing Defendant committed against Valentine Life" as Defendants assert in their moving papers. ECF No. 77 at 7:9-11. Indeed, in coming to this conclusion, Defendants ignore the vast majority of the allegations related to the illegal acts committed against Plaintiff individually by the Defendants. Clearly, the Defendants' position is flawed.

The fact of the matter remains: in order for the Defendants to seek to have this Court compel anything, they must have clean hands. How are their hands clean in seeking this Court's assistance to compel a confidential arbitration using pilfered materials to their advantage? On what basis do they have the right to have this Court further their wrongdoing by ordering a confidential arbitration which might well constitute a cover-up of civil and criminal wrongdoing?

According to the Defendants, the basis for this absurd legal position is that they conjecture Plaintiff's personal email may contain some business-related communications. If that

---

[1] Plaintiff's Motion for Summary Judgement as to Count One of the Amended Complaint [ECF 42] is currently pending before the Court as the filing of the Second Amended Complaint only revised the allegations relating to Counts Two, Three, Four and Five to identify by name the defendants who committed wrongdoing against Plaintiff.

1  were true, why commit what is essentially a computer crime to access Plaintiff's private email
2  account without the Plaintiff's or the Court's authorization (or even knowledge)? Why not simply
3  request it in discovery? What legal theory gave them license to hack?

4  In fact, the Defendants' position that the personal email account may have been used for
5  some business communications—which is obviously not a basis to authorize a computer crime, in
6  any event—is highly suspect. Simply put, it contradicts their earlier position. On August 12,
7  2017, Defendants' counsel forwarded Plaintiff's counsel an email outlining the "RSD tech
8  platforms/accounts" as to which Plaintiff's access would be terminated. *See* Defendants'
9  Opposition to Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary
10 Injunction, Exhibit K, ECF No. 23-11. In that communication, Defendants only listed emails with
11 the domain ending @*realsocialdynamics.com*, which they denominated as "RSD email domains".
12 *Id.* Nowhere in the email did Defendants indicate that Plaintiff's personal Gmail account was one
13 of the RSD tech platforms/accounts; they never listed the Plaintiff's personal email account
14 "tvandehey@gmail.com" as a business account or asset.

15 However, now that the Defendants have committed what appears to be a computer crime,
16 the Defendants have retroactively concocted the argument that Plaintiff's personal Gmail account
17 is a business asset of RSD. The record is clear: the Defendants omitted Plaintiff's personal Gmail
18 account from their prior list of the RSD business accounts; that is an admission by the Defendants
19 that they did not consider the Plaintiff's personal Gmail account to be an RSD business asset.

20 That only makes sense. After all, the configuration of the personal Gmail account verifies
21 that it is personal in nature. The Gmail account consists of the initial of Plaintiff's first name "T"
22 and his last name "VanDeHey". It does not include his professional alias that he used for
23 Valentine Life's business matters "Todd Valentine". In other words, on its face, the email
24 account is personal and has nothing to do with RSD or Valentine Life.

25 But there is an even more immediate reason to conclude that the Defendants are well-
26 aware that they have committed what amounts to a computer crime: they have admitted it.

27 Clearly, the Defendants have made the craven decision that the right course of conduct
28 was to hide their improper acts by taking the position that everything should be placed into

confidential arbitration where they could hide their actions from public scrutiny. Indeed, the fact that they want this entire dispute handled confidentially was their one last hope of covering up what may amount to a cyber-crime. But again, what legal precedent would allow a party to use the confidentiality restriction of an arbitration provision to cover up such wrongful conduct—and to seek the Court's assistance in doing so?

It is not an exaggeration to state that this has all been a bald-faced attempt to mislead the Court. On September 8, 2017—just two days before Plaintiff's Gmail account was hacked—the parties were before this Court on Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction regarding Valentine Life's business assets. However, at no point during the hearing did Defendants indicate that the Gmail account tvandehey@gmail.com was a business asset of Valentine Life. Indeed, at no point did they indicate that they were about to hack into that account and download emails contained therein. *See* September 8, 2017 Emergency Motion Hearing Transcript, ECF No. 48, Exhibit 1.

If the Defendants considered the Court's denial of Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction a license to hack into the Gmail account and steal Plaintiff's private communications, including attorney-client and work product privileged information, why did they not just say so? Why did they hide something that it was their position they were authorized to do? Why do it in secret?

Accessing Plaintiff's personal Gmail account without authorization and stealing his attorney-client communications is not an issue to be decided in secret based on a confidential contractual arbitration provision in the Valentine Life Operating Agreement ("Operating Agreement").

Indeed, one must ask an even more basic question: what authority does an arbitrator have to determine whether or not a crime has occurred—especially when such a determination would be made under the cloak of contractual confidentiality? In other words, to the extent a serious federal crime has been committed, and the Defendants seek to impose confidentiality restrictions on the disclosure of evidence and findings relating to that fact, would that not place the arbitrator in the position of potentially being a conspirator after the fact engaged in an illegal cover-up or

alteration of evidence of a crime? And what position would that put this Court in, were an order to be entered enforcing such confidential arbitration of a potential crime?

For all these reasons, the Renewed Motion should be denied.

## POINT ONE
### DEFENDANTS HAVE FAILED TO MEET THE STANDARD FOR A MOTION TO DISMISS

"A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). "Where the jurisdictional issue is separable from the merits of the case, the judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." *Id*.

Here, Defendants have not attacked the allegations of the complaint but the existence of subject matter jurisdiction itself by asserting that all the causes of action alleged in the Amended Complaint and Second Amended Complaint should be submitted to arbitration. To restate the obvious, this argument must fail because Defendants have put forth no evidence that demonstrates Plaintiff agreed to arbitrate any dispute regarding criminal hacking into his personal Gmail account. The allegations in the Amended Complaint and Second Amended Complaint are based on unauthorized access into the Plaintiff's personal email account, not a contractual dispute. The Amended Complaint and Second Amended Complaint clearly state causes of action that are not subject to arbitration.

**1. Arbitration of the Unauthorized Access into Plaintiff's Gmail Account is Not Appropriate.**

Defendants make the absurd argument that the mere fact that Plaintiff may have used his Gmail account for business makes any unauthorized access into his personal email by the Defendants subject to arbitration. Even if Plaintiff used the Gmail account for business, what legal right do Defendants have to access the account without authorization? To the contrary, they do not.

The Southern District of New York has found that an employer has no right to access an employee's personal email, even when that personal email was accessed from business computers and the passwords were in the employer's systems. In *Pure Power Boot Camp v. Warrior Fitness Boot Camp*, 587 F. Supp. 2d 548, 561 (S.D.N.Y. 2008), the Court held that the employee "had a subjective belief that his personal e-mail accounts, stored on third-party computer systems, protected (albeit ineffectively) by passwords, would be private. That expectation of privacy was also reasonable." Indeed, the actions against Plaintiff in the instant matter are <u>more</u> egregious than those in *Pure Power*, as Defendants have consistently alleged that Plaintiff was an independent contractor. An independent contractor would arguably have an even greater expectation of privacy in his personal email than an employee would.

Moreover, the very premise of Defendants' argument that it had a right to such access would be absurd. The hacking into Plaintiff's personal Gmail account took place a month <u>after</u> Plaintiff was "terminated" from RSD. How is the unauthorized access into Plaintiff's email account a month after his termination subject to confidential contractual arbitration relating to a business dispute that concerns matters that occurred before the termination?

This would be tantamount to Plaintiff leaving his house keys at work, and then being ordered by this Court to arbitrate whether the Defendants had the right to use those keys to burglarize his house a month after he was fired. What would the Defendants' position be then—that the burglary was justified because at some earlier point Plaintiff performed work at his home? And what law would allow the Defendants to burglarize Plaintiff, in any event?

The issue is not whether Plaintiff used his personal email for business, rather it is whether Plaintiff's personal email was accessed illegally. Clearly, the wrongful access into Plaintiff's personal Gmail account constitutes intentional tortious—and possibly criminal—conduct against Plaintiff which is not subject to any arbitration agreement between Plaintiff and the Defendants.

**2. Defendants Have Failed to Demonstrate Plaintiff's Personal Gmail Account is a Business Asset.**

Defendants have asserted without any support that Plaintiff's personal Gmail account is a business asset. Plaintiff has already informed the Court of the personal nature of his Gmail

account. *See* Declaration of Todd VanDeHey in Support of Plaintiff's Emergency Omnibus Motion (1) For Expedited Discovery and (2) to Amend the Complaint, dated September 25, 2017, ECF No. 29. But if the Defendants considered Plaintiff's personal email account a business asset to which they required access, where are the advance requests for access? There are none because Defendants have just recently asserted Plaintiff's personal email is a business asset as a Hail Mary in an attempt to conceal their wrongdoing.

Indeed, as set forth above in the Preliminary Statement, Defendants failed to identify Plaintiff's personal Gmail account in a prior list of RSD assets, as to which they indicated Plaintiff's access would be terminated. *See* ECF No. 23-11. Not until Defendants filed their opposition to Plaintiff's motion for summary judgment was there ever any indication that they considered Plaintiff's Gmail account a business asset.

By Defendants' logic, the fact Plaintiff may have used the personal email account for business matters grants Defendants the unlimited right to secretly and without advance notice access all of Plaintiff's personal email any time and without authorization. Again, this includes attorney-client and work-product privileged material generated by Plaintiff's counsel. Clearly, Defendants have no right to hack into Plaintiff's personal email any more than they have a right to break into his house

The Stored Communications Act, 18 U.S.C. 2701; Computer Fraud and Abuse Act, 18 U.S.C. 1030; and the Nevada Computer Crimes Statute, NRS 205.4765 prohibit this misconduct. Indeed, if an individual or entity were allowed to secretly hack into another's email account every time there were an allegation that a personal email contained business emails, our Federal Rules of Civil Procedure would be rendered meaningless, and the civil litigation process would be effectively become a mechanism to cover up a crime.

In sum, the causes of action in the Amended Complaint and Second Amended Complaint relate to wrongdoing against Plaintiff personally. They do not relate to wrongdoing committed against Valentine Life and are not subject to the arbitration provision of the Operating Agreement governing Valentine Life.

. . .

# POINT TWO
# DEFENDANTS HAVE WITHHELD CRITICAL AND RELEVANT INFORMATION FROM THE COURT.

To add insult to injury, the Defendants have withheld critical and relevant information from the Court. Specifically, in the Renewed Motion's Updated Procedural Background, Defendants failed to include the following important developments in both the federal case and the arbitration.

- On December 8, 2017, this Court granted in part Plaintiff's Motion for a Temporary Restraining Order regarding Defendants' unlawful hacking of Plaintiff's personal email account and ordered that the Defendants "deliver an electronic copy of everything that was copied or downloaded from the tvandehey@gmail.com account to plaintiff's counsel." ECF No. 66.

- On or about December 11, 2017, Plaintiff's counsel received a flash drive from the Defendants' counsel which purported to be a copy of the export from Plaintiff's email tvandehey@gmail.com, but merely contained a single PDF file consisting of 1,151 pages of emails from tvandehey@gmail.com, rather than an electronic copy of everything that was copied or downloaded as the court ordered. Declaration of Steven L. Procaccini, Esq. dated January 22, 2018 at ¶ 4 (hereinafter "Procaccini Declaration"). In essence, Defendants produced the equivalent of a paper compilation of emails.

- On or about December 20, 2017, after Plaintiff outlined the deficiency in Defendants' production, Defendants produced a hard drive purporting to be an electronic copy of everything that was copied or downloaded from tvandehey@gmail.com. *Id.* at ¶¶ 6-7.

- Plaintiff's digital forensic investigator is continuing to examine the hard drive Defendants' produced, however the preliminary finding is that it is not an electronic copy of everything that was copied or downloaded from tvandehey@gmail.com. There appear to be significant items missing. *Id.* at ¶ 8.

- On January 5, 2018, Plaintiff filed a motion to stay arbitration pending the resolution of Defendants' liability for the hacking of Plaintiff's personal email account. *Id.* at ¶ 10,

Exhibit A. On January 16, 2018, Defendants filed their opposition to Plaintiff's motion to stay the arbitration. *Id.* at ¶ 11, Exhibit B.

The long and the short of it is this: Plaintiff still does not know the extent of the stolen information of which Defendants are in possession. Why are the Defendants producing different versions of the same thing and why do those versions not compare to what the contents of a Gmail account export—even a partial one—should look like? Indeed, the two versions do not even match each other.

Either Defendants are acting in bad faith and purposely not providing the ordered discovery or Defendants lack the ability to properly produce the electronic material. In either event, it is clear that what Defendants have produced is not an accurate representation of the materials stolen from the personal email account on September 11, 2017—most notably, a date that was two weeks prior to the filing of the demand for arbitration.

There is no doubt that Defendants downloaded and reviewed information from Plaintiff's personal email account as those actions are admitted:

> Defendant Nicholas Kho openly admits to accessing the Gmail account tvandehey@gmail.com from his smart phone on September 11, 2017.

Defendants' Opposition to Emergency Motion for TRO and Preliminary Injunction, p. 4. [ECF Nos. 62, 63].

> Mr. Kho attempted to download all RSD communications from the date of Vandehey's termination until September 11, 2017. However, after several attempts, a bulk download of emails was ultimately unsuccessful. Thereafter, Mr. Kho began forwarding individual RSD customer support emails.

*Id.* at 5.

> Mr. Kho has admitted to (1) accessing the Gmail account to preserve the interests of RSD, (20 not sharing the private email contents, and (3) keeping a copy of the hard drive containing the emails in a locked facility.

*Id.* at 8.

The fact that Defendants have admitted possession of Plaintiff's emails and failed— whether contumaciously or not—to provide an electronic copy to Plaintiff as the Court ordered,

1  prevents this matter from being dismissed and arbitration compelled. Indeed, compelling
2  arbitration in such a situation—regardless of the fact that the claims in the Amended Complaint
3  and Second Amended Complaint are not arbitrable—would be extremely prejudicial to Plaintiff.
4  Essentially, Plaintiff would be forced into arbitration with an adversary that is in possession of all
5  of his attorney-client and work product privileged information relating to the arbitration. Such a
6  result would be completely and utterly unfair and inimical to due process requirements. Clearly,
7  the arbitration should be stayed until the causes of action regarding the hacking of the personal
8  email account are resolved.

9        Moreover, it is clear that there is a disputed issue of fact regarding the personal versus
10 business nature of the tvandehey@gmail.com account. However, that issue must be decided by
11 the District Court. If the email account is personal, as Plaintiff alleges, Defendants have
12 committed criminal acts against him personally as to which he likewise has claims for civil
13 causes of action under the Stored Communications Act, 18 U.S.C. 2701; the Computer Fraud and
14 Abuse Act, 18 U.S.C. 1030; and the Nevada Computer Crimes Statute, NRS 205.4765, and
15 common law conversion. These causes of action regarding Defendants' illegal and intentional
16 acts are cognizable in the District Court—rather than before an arbitrator—as they clearly do not
17 arise out of or relate to the Operating Agreement between Plaintiff and RSD.

18       Furthermore, there is the potential to preclude the claims against Plaintiff in arbitration
19 should the District Court hold that Defendants illegally stole Plaintiff's attorney-client and work
20 product privileged information. *See Perna v. Electronic Data Systems, Corp.*, 916 F. Supp. 388
21 (D.N.J 1995) (District Court dismissed plaintiff's causes of action based on the fact that the
22 plaintiff had stolen the defendant's attorney-client privileged information); *see also Lipin v.*
23 *Bender*, 597 N.Y.S.2d 340 (N.Y. App. Div. 1993) (plaintiff's complaint was dismissed for theft
24 of privileged material).

25       Clearly, this issue needs to be decided before proceeding in arbitration.
26 . . .
27 . . .
28 . . .

**CONCLUSION**

For the foregoing reasons, it is respectfully requested that the Court deny the Defendants' application, together with such other, further and different relief as the Court deems just, equitable and proper under the circumstances.

RESPECTFULLY SUBMITTED this 22nd day of January, 2018.

NISSENBAUM LAW GROUP, LLC

By:    /s/Steven L. Procaccini
Steven L. Procaccini (*Pro Hac Vice*)
Chris Ellis Jr. (*Pro Hac Vice*)
2400 Morris Avenue, Suite 301
Union, NJ 07083

McDONALD CARANO LLP
George F. Ogilvie III (NSBN 3552)
Amanda C. Yen (NSBN 9726)
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102

*Attorneys for plaintiff Todd VanDeHey*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of McDonald Carano LLP, and that on or about the 22nd day of January, 2018, a true and correct copy of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS PLAINTIFF'S AMENDED COMPLAINT** was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification.

*/s/ Jelena Jovanovic*
An employee of McDonald Carano LLP