JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
STEVEN G. KNAUSS, ESQ.
Nevada Bar No. 12242
**MAIER GUTIERREZ & ASSOCIATES**
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Telephone: (702) 629-7900
Facsimile:  (702) 629-7925
E-mail:     jag@mgalaw.com
            sgk@mgalaw.com

*Attorneys for Defendants Real Social Dynamics,
Inc., Nicholas Kho, Owen Cook, and Amber Kho*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TODD VANDEHEY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>REAL SOCIAL DYNAMICS, INC., a Nevada corporation; NICHOLAS KHO, an individual; OWEN COOK, an individual; AMBER KHO, an individual, John Does 2 through 10, all whose true names are unknown; ABC Companies 1 through 10, all whose true names are unknown,<br><br>Defendants. | Case No.: 2:17-cv-02230-JAD-NJK<br><br>**DEFENDANTS' REPLY IN SUPPORT OF RENEWED MOTION TO COMPEL ARBITRATION AND DISMISS PLAINTIFF'S AMENDED COMPLAINT** |

Defendants Real Social Dynamics, Inc., Nicholas Kho, Owen Cook, and Amber Kho (collectively "Defendants"), by and through their attorneys of record, the law firm Maier Gutierrez & Associates, hereby submit this Reply in Support of the Renewed Motion to Compel Arbitration and Dismiss Plaintiff's Amended Complaint [ECF No. 77]. This reply is made and based upon the following memorandum of points and authorities, the papers and pleadings on file herein, and any argument of counsel at the time of the hearing.

///

///

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Setting aside Plaintiff's derisive characterizations and literary flourishes, his entire argument to bypass the valid arbitration clause to which both parties previously agreed, rests upon this court simply accepting his allegations as true, without any discovery, without any argument, and without following the federal rules of procedure. To put it another way, Plaintiff's argument is akin to a criminal prosecutor arguing that a trial is not necessary because the evidence already shows the accused is guilty.

When the court clears away all of Plaintiff's indignation and bluster, what remains are arguments *from both sides* regarding whether tvandehey@gmail.com (1) was validly accessed, (2) was used for Valentine Life, LLC purposes, and (3) what value, if any, the account or the communications within, have as a divisible asset of Valentine Life, LLC. Everything else stated by Plaintiff, whether it is the charges of multiple computer crimes or the possibility for the arbitrator to be a co-conspirator, or whether it is the countless rhetorical questions posed sarcastically for dramatic effect, are nothing more than allegations that can be proven up at arbitration.

Furthermore, by focusing the court's attention on the tvandehey@gmail.com account, and inventing an elaborate backstory of "hacking" and a "cover-up", Plaintiff is ultimately trying to distract the court from his embezzlement of over $800,000 from Defendants' by using Valentine Life, LLC as his cover. Defendants' sit ready to work through discovery and depositions to carefully examine the evidence in this matter. Whereas Plaintiff opted to file emergency injunctions and restraining orders, wanting quick decisions based on nothing more than inflammatory rhetoric.

### II. LEGAL ARGUMENT

#### A. DEFENDANTS DID NOT "HACK" A GMAIL ACCOUNT VOLUNTARILY CHOSEN BY PLAINTIFF TO BE HIS PRIMARY BUSINESS COMMUNICATION ACCOUNT

In hoping for an impulsive decision from this court, Plaintiff makes redundant allegations of computer crimes, computer hacking, and unauthorized access into a Gmail account. Again, Plaintiff seems to believe there is no dispute of this issue, despite evidence to the contrary. Therefore, at worst, the parties are entitled to go to arbitration to refute, dispel, or settle this issue.

Plaintiff openly shared this Gmail account password with Defendants because it was his primary business communication account. It is worth noting that no alternative email account is offered by Plaintiff to dispute this fact. All of Plaintiff's communications regarding Valentine Life, LLC's financing, marketing, staffing, product launches, and payroll were either directly sent to this Gmail address or forwarded to it by Plaintiff himself. In fact, there appeared to be no personal emails at all in the account. Full discovery and disclosure of all emails prior to Plaintiff's termination will be required to truly evaluate what actions Plaintiff was taking with the assets of both Valentine Life, LLC and the Defendants. Thus, this is an issue ripe for arbitration.

Plaintiff is entitled to articulate any fanciful position he chooses, just as Defendants will argue and present evidence supporting their position, but in the end, it is undisputed tvandehey@gmail.com was used in some capacity for the operation of Valentine Life, LLC. Furthermore, it is undisputed Defendants' computers and hardware, *which are still in Plaintiff's possession*, were being used in some capacity for the operation of Valentine Life, LLC. It is undisputed Plaintiff's trade name "Valentine" is trademarked by Defendant RSD. Plaintiff seems to be fundamentally confused about what actually defines a business asset.

But, as Defendants previously argued in their first Motion to Compel Arbitration and Dismiss Plaintiff's Complaint [ECF Nos. 50 and 51], the sole issue is whether the arbitrator has jurisdiction to hear the Valentine Life, LLC-related disputes between these parties who executed a contract with a valid arbitration provision. Even with both sides take opposite positions on nearly every issue of Valentine Life, LLC, this case can still be properly heard by the arbitrator.

### B. PLAINTIFF FAILS TO PROVE THIS CASE IS UNSUITABLE FOR ARBITRATION

Plaintiff argues that arbitration is improper because an Arbitrator cannot preside over the causes of action with which Plaintiff chose to amend his own complaint. Put another way, after hearing the court's decisions on his emergency injunctions, Plaintiff conveniently chose to include causes of action that he now believes are un-arbitrable. However, these causes of action are still inexorably linked to Valentine Life, LLC, its operation, and its dissolution, thus they are suitable for arbitration.

The party resisting arbitration bears the burden of proving that the claims at issue are

unsuitable for arbitration. *Zenelaj v. Handybrook Inc.*, 82 F. Supp. 3d 968, 970 (N.D. Cal. 2015) (citing *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000)). Rather, a court must defer to arbitration unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute, and any doubts should be resolved in favor of coverage. *Id*. (citing *AT&T Tech., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986).

Plaintiff used tvandehey@gmail.com for all his business communications, ***while employed by Defendants***, yet Plaintiff now insists the account was hacked by Defendants. Although Plaintiff uses the word "hack" or "hacking" over a dozen times, he never actually defines the term. Understandably, Plaintiff prefers the adjective "hacking" because it implies sinister intent or other devious behavior. However, Defendant simply logging into the account with a password freely given to him by Plaintiff, does not conjure the prejudicial characterization Plaintiff prefers.

To reiterate, Plaintiff used the Gmail account for nearly ***all*** Valentine Life, LLC-related activity. He then used this account to link to Valentine Life, LLC bank accounts, merchant processing accounts, and social media accounts. There is no dispute that Plaintiff was an employee of RSD during the entire existence of Valentine Life, LLC. Therefore, by Plaintiff's own choices regarding the intent of use for the Gmail account, it converted into an RSD asset. Furthermore, even if these facts were in dispute, the outcome of which would still be properly evaluated by an arbitrator.

### C. DEFENDANTS HAVE TIMELY DISCLOSED INFORMATION TO THIS COURT

In an strange perversion of the history of this case, Plaintiff on one hand files repeated emergency motions without any evidentiary discovery only to seek, but ultimately fail to obtain a favorable outcome, and then, on the other hand, is complaining that he has not received all the information he would like in this case. Or, at the very least, receive it as promptly as he would like. Plaintiff cannot have it both ways.

Defendants are responding to Plaintiff's argument and exhibits with little context and employing none of the discovery tools or safeguards used in a standard case timeline. However, the clear remedy is to allow this case to push forward to arbitration, as the parties intended by contract, and explore the issues raised by both sides regarding Valentine Life, LLC in discovery.

4

## III. CONCLUSION

Accordingly, Defendants respectfully requests that their Amended Motion to Compel Arbitration and Dismiss Plaintiff's Amended Complaint be granted.

DATED this 29th day of January, 2018.

Respectfully submitted,

**MAIER GUTIERREZ & ASSOCIATES**

/s/ *Steven Knauss*
JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
STEVEN G. KNAUSS, ESQ.
Nevada Bar No. 12242
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorneys for Defendants Real Social Dynamics, Inc., Nicholas Kho, Owen Cook, and Amber Kho*

# CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January, 2018, a true and correct copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF RENEWED MOTION TO COMPEL ARBITRATION AND DISMISS PLAINTIFF'S AMENDED COMPLAINT** was electronically filed with the Clerk of the Court using the Court's CM/ECF system, and served to all parties and counsels of record registered to receive CM/ECF notifications.

       /s/ *Deborah Sagert*
An employee of MAIER GUTIERREZ & ASSOCIATES