George F. Ogilvie III (NSBN #3552)
Amanda C. Yen (NSBN #9726)
McDONALD CARANO LLP
2300 W. Sahara Ave, Suite 1200
Las Vegas, NV 89102
Telephone:  702.873.4100
Fax:  702.873.9966
gogilvie@mcdonaldcarano.com
ayen@mcdonaldcarano.com

Steven L. Procaccini (*Pro Hac Vice*)
NISSENBAUM LAW GROUP, LLC
2400 Morris Avenue, Suite 301
Union, NJ 07083
Telephone: 908-686-8000
Fax: 908-686-8550
sp@gdnlaw.com
ce@gdnlaw.com

*Attorneys for plaintiff Todd VanDeHey*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TODD VANDEHEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>REAL SOCIAL DYNAMICS, INC., a Nevada corporation; NICHOLAS KHO, an individual; OWEN COOK, an individual; John Does 1 through 10, all whose true names are unknown; ABC Companies 1 through 10, all whose true names are unknown.<br><br>Defendants. | CASE NO.: 2:17-cv-02230-JAD-NJK<br><br>**PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIM** |

Plaintiff Todd VanDeHey ("Plaintiff"), by and through counsel, hereby answers the Counterclaim [ECF No. 81] by Real Social Dynamics, Inc. ("RSD"), Nicholas Kho ("N. Kho"), Owen Cook ("Cook") and Amber Kho ("A. Kho") (collectively "Defendants") as follows:

**AS TO THE COUNTER-COMPLAINT**

1. Plaintiff neither admits nor denies the statement set forth in this paragraph of the Counter-Complaint as it does not call for a response. To the extent a response is required,

Plaintiff denies the allegations.

**PARTIES**

2. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of this allegation.

3. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of this allegation.

4. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of this allegation.

5. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of this allegation.

6. Admitted.

7. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of this allegation.

8. Plaintiff admits that Valentine Life was dissolved on August 14, 2017, Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the balance of this allegation.

**AS TO THE GENERAL ALLEGATIONS**

**BACKGROUND OF RSD (COUNTERCLAIMANT)**

9. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of this allegation.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. This allegation is denied as it is unknown what is meant by the terms "administrative obligations" and "supportive responsibilities".

15. Denied.

16. Denied.

1  17. Denied.
2  18. Denied.
3  19. Denied.
4  20. Denied.
5  21. Denied.
6  22. Denied.
7  23. Denied.
8  24. Denied.
9  25. Denied.

## BACKGROUND OF VANDEHEY (RESPONDENT)

26. Denied.

27. Denied.

28. Plaintiff admits he was promoted to the role of Instructor, the balance of this allegation is denied.

29. Plaintiff neither admits nor denies the allegations set for in this paragraph as the document speaks for itself. To the extent a response is required, Plaintiff denies the allegation.

30. Plaintiff admits that he was compensated over $150,000.00 annually for the years 2014 and 2015, the balance of this allegation is denied.

31.
    a. Admitted.
    b. Admitted.
    c. Plaintiff admits RSD provided him with access to the todd@realsocialdynamics.com email address, the balance of this allegation is denied.
    d. Denied.
    e. Denied.
    f. Denied.

32. Denied.

33. Denied.

1   34.   Denied.

2   35.   Denied.

### BACKGROUND OF VALENTINE LIFE (NOMINAL PLAINTIFF)

4   36.   Plaintiff lacks knowledge or information sufficient to form a belief about the truth of this allegation.

6   37.   Plaintiff lacks knowledge or information sufficient to form a belief about the truth of this allegation.

8   38.   Denied.

9   39.   This allegation is denied as it is unknown what is meant by the term "simplistic accounting".

11   40.   Denied.

12   41.   Denied.

13   42.   Denied.

14   43.   Plaintiff admits on or about October 5, 2015, he executed an Operating Agreement for Valentine Life Inc. Plaintiff neither admits nor denies the balance of this allegation as the Operating Agreement speaks for itself. To the extent a response is required, Plaintiff admits the allegations.

18   44.   Admitted.

19   45.   This allegation is denied as it is unknown what is meant by the term "RSD/Vandehey co-branded websites".

21   46.   Denied.

### REAL SOCIAL DYNAMICS CONTRACTOR AGREEMENT

23   47.   Plaintiff neither admits nor denies the allegations in this paragraph as it calls for a legal conclusion and the Contractor Agreement speaks for itself. To the extent a response is required, Plaintiff denies the allegations.

26   48.   Plaintiff lacks knowledge or information sufficient to form a belief about the truth of this allegation.

28   49.   Plaintiff neither admits nor denies the allegations in this paragraph as it calls for a

legal conclusion and the Contractor Agreement speaks for itself. To the extent a response is required, Plaintiff denies the allegations.

50. Plaintiff neither admits nor denies the allegations in this paragraph as it calls for a legal conclusion and the Contractor Agreement speaks for itself. To the extent a response is required, Plaintiff denies the allegations.

51. Plaintiff neither admits nor denies the allegations in this paragraph as it calls for a legal conclusion and the Contractor Agreement speaks for itself. To the extent a response is required, Plaintiff denies the allegations.

52. Plaintiff neither admits nor denies the allegations in this paragraph as it calls for a legal conclusion and the Contractor Agreement speaks for itself. To the extent a response is required, Plaintiff denies the allegations.

53. Plaintiff neither admits nor denies the allegations in this paragraph as it calls for a legal conclusion and the Contractor Agreement speaks for itself. To the extent a response is required, Plaintiff denies the allegations.

54. Plaintiff neither admits nor denies the allegations in this paragraph as it calls for a legal conclusion and the Contractor Agreement speaks for itself. To the extent a response is required, Plaintiff denies the allegations.

### OPERATION OF VALENTINE LIFE

55. Plaintiff neither admits nor denies the allegations in this paragraph as the Operating Agreement speaks for itself. To the extent a response is required, Plaintiff admits the allegations.

56. Plaintiff admits he had operating authority of Valentine Life Inc., the balance of the allegation is denied as it is unknown what is meant by the term "small degree of autonomy".

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. This allegation is denied as it is unknown what is meant by the term "short emails".

65. Denied.

66. Denied.

### MISAPPROPRIATION OF BANK ACCOUNT FUNDS BY VANDEHEY

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Plaintiff admits he has refused to provide redacted billing for attorney's fees paid to the Nissenbaum Law Group, LLC and that the Nissenbaum Law Group, LLC represents Plaintiff in a personal capacity. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the balance of the allegation.

73. Denied.

74. Denied.

75. Plaintiff admits he purchased a membership to the website SeekingArragement.com with Valentine Life Inc. funds for research related to the business of Valentine Life Inc., the balance of the allegation is denied.

76. Denied.

### RSD WITHDRAWS FROM VALENTINE LIFE AND PROTECTS ACCOUNT FUNDS

77. Denied.

78. Plaintiff neither admits nor denies the allegations in this paragraph as it calls for a legal conclusion. To the extent a response is required, Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegation.

79. Plaintiff neither admits nor denies the allegations as the Contractor Agreement

1  speaks for itself. To the extent a response is required, Plaintiff admits the allegation.

2      80.    Plaintiff neither admits nor denies the allegations as the Operating Agreement
3  speaks for itself. To the extent a response is required, Plaintiff admits the allegation.

4      81.    Plaintiff neither admits nor denies the allegations in this paragraph as it calls for a
5  legal conclusion. To the extent a response is required, Plaintiff denies the allegation.

6      82.    Plaintiff neither admits nor denies the allegations in this paragraph as it calls for a
7  legal conclusion. To the extent a response is required, Plaintiff denies the allegation.

8      83.    Denied.

9      84.    Plaintiff neither admits nor denies the allegations as the Operating Agreement
10 speaks for itself. To the extent a response is required, Plaintiff admits the allegation.

11     85.    Plaintiff neither admits nor denies the allegations in this paragraph as it calls for a
12 legal conclusion. To the extent a response is required, Plaintiff denies the allegation.

13     86.    Denied.

14     87.    Denied.

15     88.    Denied.

### PUNITIVE DAMAGES

17     89.    Denied.

18     90.    Denied.

### TVANDEHEY@GMAIL.COM ACCOUNT

20     91.    Denied.

21     92.    Denied.

22     93.    Denied.

23     94.    Denied.

24     95.    This allegation is denied as it is unknown what is meant by the term
25 "associated/lined".

26     96.    Denied.

27     97.    Denied.

28     98.    Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

### AS TO THE FIRST CLAIM FOR RELIEF

**BREACH OF FIDUCIARY DUTY**

104. Plaintiff repeats and re-alleges his answers of the preceding paragraphs of the Answer to the Counterclaim as though fully set forth herein and incorporate the same herein by reference.

105. Plaintiff neither admits nor denies the allegations in this paragraph as it calls for a legal conclusion. To the extent a response is required, Plaintiff admits the allegations.

106. Plaintiff neither admits nor denies the allegations in this paragraph as it calls for a legal conclusion. To the extent a response is required, Plaintiff denies the allegations.

107. Plaintiff neither admits nor denies the allegations in this paragraph as it calls for a legal conclusion. To the extent a response is required, Plaintiff denies the allegations.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of this allegation.

### AS TO THE SECOND CLAIM FOR RELIEF

**BREACH OF CONTRACT (OPERATING AGREEMENT)**

115. Plaintiff repeats and re-alleges his answers of the preceding paragraphs of the Answer to the Counterclaim as though fully set forth herein and incorporate the same herein by

reference.

116. Plaintiff admits on or about October 5, 2015, he executed an Operating Agreement for Valentine Life Inc. Plaintiff neither admits nor denies the balance of this allegation as the Operating Agreement speaks for itself. To the extent a response is required, Plaintiff admits the allegations.

117. Plaintiff neither admits nor denies the allegation as it calls for a legal conclusion. To the extent a response is required, Plaintiff admits the allegations.

118. Plaintiff neither admits nor denies the allegation as it calls for a legal conclusion. To the extent a response is required, Plaintiff denies the allegations.

119. Plaintiff neither admits nor denies the allegation as the Operating Agreement speaks for itself. To the extent a response is required, Plaintiff admits the allegations.

120. Denied. Plaintiff was a shareholder of Valentine Life Inc.

121. Denied.

122. Denied.

123. Denied.

124. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of this allegation.

### AS TO THE THIRD CLAIM FOR RELIEF

#### BREACH OF CONTRACT (RSD CONTRACTOR AGREEMENT)

125. Plaintiff repeats and re-alleges his answers of the preceding paragraphs of the Answer to the Counterclaim as though fully set forth herein and incorporate the same herein by reference.

126. Admitted.

127. Plaintiff neither admits nor denies the allegation as it calls for a legal conclusion. To the extent a response is required, Plaintiff denies the allegations.

128. Denied.

129. Plaintiff neither admits nor denies the allegation as it calls for a legal conclusion. To the extent a response is required, Plaintiff denies the allegations.

130. Plaintiff neither admits nor denies the allegation as it calls for a legal conclusion. To the extent a response is required, Plaintiff denies the allegations.

131. Plaintiff neither admits nor denies the allegation as it calls for a legal conclusion. To the extent a response is required, Plaintiff denies the allegations.

132. Denied.

133. Plaintiff neither admits nor denies the allegation as it calls for a legal conclusion. To the extent a response is required, Plaintiff denies the allegations.

134. Denied.

135. Denied.

136. Plaintiff neither admits nor denies the allegation as it calls for a legal conclusion. To the extent a response is required, Plaintiff denies the allegations.

137. Denied.

138. Plaintiff neither admits nor denies the allegation as it calls for a legal conclusion. To the extent a response is required, Plaintiff denies the allegations.

139. This allegation is denied as it is unknown what is meant by the terms "operating/managing", "commerce website" and "Vandehey products and services".

140. Denied.

141. Denied.

142. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of this allegation.

## AS TO THE FOURTH CLAIM FOR RELIEF

**CONTRACTUAL AND TORTIOUS BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

143. Plaintiff repeats and re-alleges his answers of the preceding paragraphs of the Answer to the Counterclaim as though fully set forth herein and incorporate the same herein by reference.

144. Admitted.

145. Plaintiff neither admits nor denies the allegation as it calls for a legal conclusion. To the extent a response is required, Plaintiff admits the allegations.

146. Plaintiff neither admits nor denies the allegation as it calls for a legal conclusion. To the extent a response is required, Plaintiff admits the allegations.

147. Plaintiff neither admits nor denies the allegation as it calls for a legal conclusion. To the extent a response is required, Plaintiff admits the allegations.

148. Plaintiff neither admits nor denies the allegation as it calls for a legal conclusion. To the extent a response is required, Plaintiff denies the allegations.

149. Plaintiff neither admits nor denies the allegation as it calls for a legal conclusion. To the extent a response is required, Plaintiff denies the allegations.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of this allegation.

### AS TO THE FIFTH CLAIM FOR RELIEF

**UNJUST ENRICHMENT**

155. Plaintiff repeats and re-alleges his answers of the preceding paragraphs of the Answer to the Counterclaim as though fully set forth herein and incorporate the same herein by reference.

156. Denied.

157. Denied.

158. Denied.

159. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of this allegation.

### AS TO THE SIXTH CLAIM FOR RELIEF

**CONVERSION**

160. Plaintiff repeats and re-alleges his answers of the preceding paragraphs of the Answer to the Counterclaim as though fully set forth herein and incorporate the same herein by

1  reference.
2  161.  Denied.
3  162.  Denied.
4  163.  Denied.
5  164.  Denied.
6  165.  Denied.
7  166.  Denied.
8  167.  Plaintiff lacks knowledge or information sufficient to form a belief about the truth
9  of this allegation.

## AS TO THE SEVENTH CLAIM FOR RELIEF

### CONSTRUCTIVE FRAUD

168.  Plaintiff repeats and re-alleges his answers of the preceding paragraphs of the Answer to the Counterclaim as though fully set forth herein and incorporate the same herein by reference.

169.  Plaintiff lacks knowledge or information sufficient to form a belief about the truth of this allegation.

170.  Plaintiff neither admits nor denies the allegation as it calls for a legal conclusion. To the extent a response is required, Plaintiff denies the allegations.

171.  Denied.
172.  Denied.
173.  Denied.
174.  Denied.
175.  Denied.

176.  Plaintiff lacks knowledge or information sufficient to form a belief about the truth of this allegation.

## AS TO THE EIGHTH CLAIM FOR RELIEF

### INJUNCTIVE RELIEF

177.  Plaintiff repeats and re-alleges his answers of the preceding paragraphs of the

Answer to the Counterclaim as though fully set forth herein and incorporate the same herein by reference.

178. Denied.

179. Denied.

180. Denied.

181. Denied.

182. Denied.

183. Denied.

184. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of this allegation.

### AS TO THE NINTH CLAIM FOR RELIEF

**VIOLATION OF THE STORED COMMUNICATIONS ACT, 18 U.S.C. 2701**

185. Plaintiff repeats and re-alleges his answers of the preceding paragraphs of the Answer to the Counterclaim as though fully set forth herein and incorporate the same herein by reference.

186. Denied.

187. Denied.

188. Denied.

189. Denied.

190. Denied.

191. Denied.

192. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of this allegation.

### AS TO THE TENTH CLAIM FOR RELIEF

**VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. 1030**

193. Plaintiff repeats and re-alleges his answers of the preceding paragraphs of the Answer to the Counterclaim as though fully set forth herein and incorporate the same herein by reference.

194.   Denied.

195.   Denied.

196.   Denied.

197.   Denied.

198.   Plaintiff lacks knowledge or information sufficient to form a belief about the truth of this allegation.

**WHEREFORE**, Plaintiff hereby demands Defendants requests for relief be denied and judgment entered in favor of Plaintiff.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendants' counterclaim fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Any damaged suffered by Defendants were caused by Defendants' own acts, deeds, negligence, conduct, and/or failures or omissions to act under the circumstances.

### Third Affirmative Defense

Defendants' claims are barred, in whole or in part, by failure of contract and/or by Defendants' own breach of contract.

### Fourth Affirmative Defense

Defendant Amber Kho lacks standing to bring the counterclaim against Plaintiff.

### Fifth Affirmative Defense

Defendants' claims are barred because all of Plaintiff's actions followed the parties' course of dealing.

### Sixth Affirmative Defense

Defendants have failed to plead the allegations of fraud with the required particularity.

### Seventh Affirmative Defense

Defendants' claims are barred by the doctrine of laches.

### Eighth Affirmative Defense

To the extent Defendants' claims attempt to add additional information to the contractual

agreements between the parties, those claims are barred by the parol evidence rule.

**Ninth Affirmative Defense**

Defendants' claims are barred by the doctrine of spoliation.

**Tenth Affirmative Defense**

Defendants' claims are barred because Plaintiff has complied with the terms of the contracts between the parties in full satisfaction.

**Eleventh Affirmative Defense**

Defendants' claims are barred because the terms of the contracts between the parties are unenforceable or unconscionable.

**Twelfth Affirmative Defense**

Defendants' claims are barred because Plaintiff at all times acted in good faith.

**Thirteenth Affirmative Defense**

Defendants' claims are barred because Plaintiff at all times acted in a commercially reasonable manner in accordance with all applicable written agreements.

**Fourteenth Affirmative Defense**

Defendants' claims are barred, in whole or in part, by the economic loss doctrine.

**Fifteenth Affirmative Defense**

Defendants' claims are barred, in whole or in part, by the doctrine of unclean hands.

**Sixteenth Affirmative Defense**

Defendants' claims are barred, in whole or in part, because of their failure to mitigate damages.

**Seventeenth Affirmative Defense**

Defendants' claims are barred for breach of good faith and fair dealing.

. . .

. . .

. . .

. . .

. . .

**Eighteenth Affirmative Defense**

Defendants' claims are barred because they breached their fiduciary duty to Plaintiff.

RESPECTFULLY SUBMITTED this 20th day of March, 2018.

NISSENBAUM LAW GROUP, LLC

By:    */s/Steven L. Procaccini*
Steven L. Procaccini (*Pro Hac Vice*)
2400 Morris Avenue, Suite 301
Union, NJ 07083

McDONALD CARANO LLP
George F. Ogilvie III (NSBN 3552)
Amanda C. Yen (NSBN 9726)
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102

*Attorneys for plaintiff Todd VanDeHey*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of McDonald Carano LLP, and that on or about the 20th day of March, 2018, a true and correct copy of the foregoing **PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIM** was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification.

*/s/ Jelena Jovanovic*
An employee of McDonald Carano LLP