# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Todd VanDeHey, | Case No.: 2:17-cv-02230-JAD-NJK |
| Plaintiff | **Order Granting in Part Motion to Compel Arbitration, Denying Motion for Summary Judgment as Moot, and Staying Case** |
| v. | |
| Real Social Dynamics, Inc.; Nicholas Kho; Owen Cook; and Amber Kho, | [ECF Nos. 42, 77] |
| Defendants | |
| And all related matters | |

This action arises out of a messy business divorce between Todd VanDeHey and Real Social Dynamics, Inc. (RSD) over a Nevada corporation that they formed called Valentine Life. VanDeHey initially sought an order requiring RSD and other defendants to restore his access to Valentine Life's websites, funds, and social media, business, and email accounts while the parties prepared to mediate or arbitrate their disputes.[1] I denied his motions for this pretrial relief.[2] VanDeHey then twice moved for—and obtained—leave of court to amend his complaint to assert claims for wrongful conduct that allegedly occurred during litigation[3] and, later, to substitute the true names of the defendants in place of doe defendants.[4]

Both sides seem confused in their briefs about which of VanDeHey's pleadings is the operative one—it's the second amended complaint, and in it VanDeHey sues RSD for

---

[1] ECF Nos. 1 (original complaint) 7 (emergency motion for TRO), 8 (emergency motion for PI).
[2] ECF No. 26.
[3] ECF Nos. 32 (motion to amend), 40 (order granting motion to amend).
[4] ECF Nos. 59 (motion to amend), 68 (order granting motion to amend).

declaratory relief, all of the defendants under state and federal statutes for allegedly hacking and taking information from what VanDeHey contends is his personal email account, and Nicholas and Amber Kho for allegedly converting money that VanDeHey kept in a PayPal account.[5] The defendants now move to compel VanDeHey to arbitrate his claims[6] and VanDeHey moves for summary judgment on his declaratory-relief claim against RSD.[7]

## Discussion

**A.  Standard for compelling arbitration under the FAA**

The Federal Arbitration Act (FAA) states that "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy" arising out of the contract or transaction "shall be valid, irrevocable, and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract."[8] The FAA permits any party who is "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" to petition any federal district court for an order compelling arbitration in the manner provided for in the arbitration agreement.[9]

"By its terms, the [FAA] 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'"[10] "The court's role under the [FAA] is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does,

---

[5] ECF No. 69.
[6] ECF No. 77.
[7] ECF No. 42.
[8] 9 U.S.C. § 2.
[9] *Id.* at § 4.
[10] *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)).

2

(2) whether the agreement encompasses the dispute at issue."[11] The party seeking to compel arbitration has the burden to show that both of these questions must be answered in the affirmative.[12] "If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms."[13]

**B.   Does a written arbitration agreement exist between the parties?**

To show that a written arbitration agreement exists between all of the parties, the defendants provide a contract that purports to be the operating agreement for Valentine Life. The operating agreement is between RSD and VanDeHey as Valentine Life's shareholders.[14] No other defendant is a party to the operating agreement. The version of the operating agreement that both sides provide is signed by VanDeHey but isn't signed by anyone on behalf of RSD.[15] This appears to be an oversight because the operating agreement states that it can be signed in counterparts[16] and neither side disputes that a contract for Valentine Life's operations was formed between RSD and VanDeHey. The operating agreement contains a section titled "Mediation/Arbitration—Dispute Resolution," which states that "[a]ny controversy or claim arising out of or related to this Agreement or the breach thereof shall first be submitted to mediation with a retired judge."[17] "In the event that the mediation does not resolve the dispute, the Shareholders are to submit the dispute to binding, non-appealable arbitration administered by

---

[11] *Id.* (collecting authorities).

[12] *Nguyen v. Barnes and Noble, Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014); *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015).

[13] *Chiron Corp.*, 207 F.3d at 1130.

[14] ECF No. 77 at 54–74.

[15] *See, e.g.,* ECF No. 77 at 71; ECF No. 69-3 at 19.

[16] ECF No. 77 at 69, § 11.5.

[17] *Id.* at § 11.9.

3

the Judicial Arbitration Mediation Services (JAMS) at one of its offices in Clark County."[18] Thus, the operating agreement between VanDeHey and RSD contains a separate agreement to arbitrate.

VanDeHey argues that the equitable doctrines of unclean hands and futility counsel against enforcing the arbitration agreement.[19] He theorizes that RSD has unclean hands because, after VanDeHey filed this lawsuit, RSD allegedly hacked VanDeHey's personal email account and obtained emails that he exchanged with his attorneys. He also theorizes that it would be futile to enforce the arbitration agreement because RSD cannot be expected to engage in arbitration in good faith considering that it allegedly hacked and stole his emails. But VanDeHey doesn't provide—let alone analyze—the legal standard for either ground. He also fails to address whether I have discretion to rule on either ground in deciding RSD's motion to compel arbitration. I am not persuaded that I do have discretion in this case because my role under the FAA is limited to determining whether a valid arbitration agreement exits[20] and RSD's alleged malfeasance isn't related to the making of the arbitration agreement but, rather, to the merits of VanDeHey's statutory claims that RSD hacked into, altered, and took materials from his personal email account.[21] I decline to deny the motion to compel arbitration on the basis of either of VanDeHey's underdeveloped arguments.

---

[18] *Id.*

[19] VanDeHey also argues that RSD has withheld "critical and relevant information from the [c]ourt"—that, despite my order to do so, RSD allegedly has not produced all of the materials that it downloaded or copied from the email account—but he doesn't tie that alleged malfeasance to the making of the arbitration agreement or any theory for invalidating or declining to enforce it.

[20] *Chiron Corp.*, 207 F.3d at 1130.

[21] *See, e.g., Wolff v. Westwood Management LLC*, 503 F. Supp. 2d 274, 283–84 (D.D.C. 2007) (finding "no reason to conclude" that unclean hands argument "implicates the making of the arbitration agreement in any way" and, thus, "reject[ing] the argument that equitable principles

4

The defendants have shown that a written agreement to arbitrate exists between VanDeHey and RSD, but they have not shown that one exists between VanDeHey and Nicholas Kho, Owen Cook, or Amber Kho, nor have they shown that any of those defendants can invoke RSD's right to compel arbitration. I therefore grant the motion to compel arbitration only as to VanDeHey's claims against RSD, and I deny as moot VanDeHey's motion for summary judgment on his declaratory-relief claim against RSD.

**C.  Who decides whether VanDeHey's claims against RSD fall within the scope of the arbitration agreement?**

RSD argues that all of VanDeHey's claims are encompassed by the arbitration agreement because "the entire factual underpinning" of VanDeHey's second amended complaint "rests upon the allegations of wrongdoing [that] [d]efendant committed against Valentine Life."[22] Before I can decide whether VanDeHey's claims fall within the scope of the arbitration agreement, I must first determine who—a judge or an arbitrator—must decide that question. "The question of whether the parties have submitted a particular dispute to arbitration, *i.e.*, the '*question of arbitrability*,' is 'an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise.'"[23] "[T]he phrase "question of arbitrability" has a . . . limited scope."[24] It applies "in the kind of narrow circumstance where contracting parties would likely

---

estop defendants from invoking the arbitration agreement"); *In re A2P SMS Antitrust Litig.*, 972 F. Supp. 2d 465, 481 (S.D.N.Y. 2013) (quoting *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967)).

[22] ECF No. 77 at 7 (emphasis omitted).

[23] *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (quoting *AT & T Tech., Inc. v. Comm. Workers*, 475 U.S. 643, 649 (1986) (emphasis in original)).

[24] *Id.*

5

have expected a court to have decided the gateway matter . . . ."[25] Whether the underlying dispute falls within the scope of the arbitration agreement is a question of arbitrability.[26] So, to avoid judicial determination of that question, the parties must have "clearly and unmistakably" delegated it to the arbitrator.

The arbitration agreement states that "[t]he Arbitrator shall determine issues of arbitrability . . . ."[27] By agreeing that the arbitrator is to determine "issues of arbitrability," RSD and VanDeHey clearly and unmistakably agreed to arbitrate gateway disputes like whether VanDeHey's claims fall within the scope of the arbitration agreement. So, the parties must arbitrate any dispute about whether RSD's claims in the second amended complaint fall within the scope of the arbitration agreement.

**D.  This case is stayed pending resolution of the arbitration proceeding.**

The FAA requires district courts to stay litigation when they are satisfied that an issue involved in the lawsuit is referable to arbitration under a written agreement to arbitrate.[28] The Ninth Circuit has explained that district courts have discretion under the FAA to dismiss claims if they are satisfied that the claims are barred by an arbitration agreement.[29] RSD argues that all of VanDeHey's claims should be dismissed because they are subject to the arbitration agreement.[30] But the defendants have not shown that VanDeHey's claims against Nicholas Kho,

---

[25] *Id.* at 83–84.

[26] *See id.* at 84 (citing *AT & T Tech., Inc.*, 475 U.S. at 651–52 and *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 241–43 (1962)).

[27] ECF No. 77 at 69, § 11.9.

[28] 9 U.S.C. § 3.

[29] *Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (citing *Martin Marietta Aluminum, Inc. v. General Electric Co.*, 586 F.2d 143 (9th Cir. 1978)).

[30] ECF No. 77 at 9.

Owen Cook, or Amber Kho are subject to an arbitration agreement, and it has not yet been determined whether VanDeHey's claims against RSD fall within the scope of the arbitration agreement. I therefore deny RSD's motion to dismiss VanDeHey's claims and instead stay this case pending resolution of the arbitration proceeding.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that the motion to compel arbitration **[ECF No. 77] is GRANTED in part as to VanDeHey's claims against RSD.** The motion is **DENIED** in all other respects.

IT IS FURTHER ORDERED that this case is **STAYED** pending resolution of the arbitration proceeding.

IT IS FURTHER ORDERED that VanDeHey's motion for summary judgment on Count One **[ECF No. 42] is DENIED as moot.**

Dated: June 29, 2018

_____
U.S. District Judge Jennifer A. Dorsey