**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Todd VanDeHey,<br><br>    Plaintiff<br>v.<br><br>Real Social Dynamics, Inc., et al.,<br><br>    Defendants<br><br>And all other claims and parties | Case No.: 2:17-cv-02230-JAD-NJK<br><br>**Order Lifting Stay, Confirming Arbitration Award, and Setting Status Hearing**<br><br>[ECF No. 111] |

This action arises out of a messy business divorce between Todd VanDeHey and Real Social Dynamics, Inc. (RSD) over a Nevada corporation that they formed called Valentine Life. I granted RSD's motion to compel arbitration in 2018 and stayed this case pending resolution of the arbitration proceeding.[1] In 2022, the arbitrator entered a final award,[2] and VanDeHey filed a motion to confirm that award, which RSD did not oppose. Because arbitration has concluded, I lift the stay on this case. I also confirm the arbitrator's award and set a status hearing to discuss what, if anything, is left to litigate.

**A.    This case is no longer stayed and the remaining parties must attend a status hearing.**

In 2018, RSD moved to compel arbitration and dismiss this case. I granted the motion as to VanDeHey's claims against RSD, but found that individual defendants Nicholas Kho, Owen Cook, and Amber Kho were not subject to an arbitration agreement. Because some claims

---

[1] ECF No. 91.

[2] *See* ECF No. 114.

would thus need to be litigated in federal court, I stayed the rest of this case pending resolution of the arbitration proceeding between VanDeHey and RSD.[3]

In 2022, the arbitrator entered a final award in VanDeHey and RSD's dispute.[4] Though no party so moves, I lift the stay because the arbitration has concluded and is no longer an impediment to VanDeHey's remaining claims and the individual defendants' counterclaims. I also order counsel for the remaining parties to attend a status hearing to get what's left of this case back on track.

**B.     The arbitrator's final award is confirmed.**

VanDeHey moves to confirm the arbitration award under the Federal Arbitration Act.[5] Under section 9 of the Act, if a party asks the appropriate federal district court for an order confirming an arbitration award within one year after the award is made, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11" of the Act.[6] VanDeHey filed this motion within one year of the arbitrator's award and certifies that it has not been vacated, modified, or corrected.[7] RSD doesn't oppose VanDeHey's motion. I thus confirm the award, as I must under 9 U.S.C. § 9.

---

[3] ECF No. 77.

[4] *See* ECF No. 114.

[5] ECF No. 111.

[6] 9 U.S.C. § 9.

[7] ECF No. 111. In his motion to confirm the award, VanDeHey lists only the arbitrator's findings and conclusions that found in his favor. *See* ECF No. 111 at 4–5. But the arbitrator resolved a couple of claims in RSD's favor too, and VanDeHey doesn't seek to vacate or modify those portions of the award. So I enter judgment on all of the arbitrator's findings and conclusions, not just the ones that favor VanDeHey.

2

**Conclusion**

IT IS THEREFORE ORDERED that **the stay on this case is LIFTED**.

IT IS FURTHER ORDERED that Todd VanDeHey's motion to confirm the arbitration award **[ECF No. 111] is GRANTED**. The September 26, 2022, final award in *Real Social Dynamics, Inc. v. Todd VanDeHey*, Ref. No. 1260004577 [*See* ECF No. 114] is CONFIRMED. And with good cause appearing and no reason to delay, the **Clerk of Court is directed to ENTER PARTIAL FINAL JUDGMENT as follows:**

- For VanDeHey and against RSD as to RSD's claims for breach of fiduciary duty, breach of confidential relationship and constructive fraud, fraudulent concealment, conversion, breach of contract, contractual and tortious breach of the implied covenant of good faith and fair dealing, violation of the Digital Millenium Copyright Act, and injunctive relief;
- For VanDeHey and against RSD as to VanDeHey's counterclaims for conversion, declaratory relief (such that RSD has no rights, ownership, or authority over VanDeHey's Gmail Account), and violation of the Stored Communications Act;
- For RSD and against VanDeHey as to RSD's claims for unjust enrichment;
- For RSD and against VanDeHey as to VanDeHey's counterclaims for spoliation, breach of contract, violation of the Computer Fraud and Abuse Act, and violation of Nevada Computer Crimes Law;
- RSD is entitled to damages against VanDeHey in the amount of $10,069.50 for its unjust-enrichment claim;
- VanDeHey is entitled to $3,897.04 in damages for his conversion claim, $40,000.00 in attorneys' fees, and $26,800.00 in costs, for a total award for VanDeHey against RSD of $70,697.04; and

3

IT IS FURTHER ORDERED that all remaining parties must appear in person for a **status hearing on Tuesday, April 16th at 1:30 P.M. before U.S. District Judge Jennifer A. Dorsey in Courtroom 6D of the Lloyd D. George Courthouse in Las Vegas, Nevada**.

_____
U.S. District Judge Jennifer A. Dorsey
March 26, 2024

IT IS FURTHER ORDERED that all remaining parties must appear in person for a **status hearing on Tuesday, April 16th at 1:30 P.M. before U.S. District Judge Jennifer A. Dorsey in Courtroom 6D of the Lloyd D. George Courthouse in Las Vegas, Nevada**.

_____
U.S. District Judge Jennifer A. Dorsey
March 26, 2024